Johnson agt. Johnson.

## N. Y. COMMON PLEAS.

### EMMA R. JOHNSON agt. RICHARD R. JOHNSON.

*Alimony — Divorce — Where there is no provision in decree for support, judgment cannot subsequently be amended by inserting such provision.*

Where the plaintiff, in her divorce decree, refrained from inserting a provision for her support, on the promise of defendant to pay her money from time to time, she cannot subsequently have the judgment amended by inserting such provision.

*General Term, June,* 1883.

*Before* DALY, *C. J.,* VAN BRUNT *and* J. F. DALY, *JJ.*

APPEAL by plaintiff from order of special term, made April 15, 1882, denying her motion to amend the judgment of divorce in this action, entered December 15, 1877, by inserting therein a provision allowing alimony to plaintiff, such judgment making no provision on that point. It appears from the plaintiff's motion papers, that although she had demanded alimony in her complaint, yet no provision was made therefor in the judgment, because defendant requested such omission, promising, if she would waive such a provision, he would faithfully pay her moneys from time to time in a fair and reasonable amount, also that he would pay her one-half of his wages every month as long as she needed it, and

that plaintiff, relying upon such promise, consented to the entry of the judgment without any provision for alimony.

The promise is denied by defendant.

J. F. DALY, J.— No ground for reopening this judgment is shown by the moving papers. The plaintiff refrained from taking a decree providing for her support, on the promise of the defendant to pay her money from time to time. If she were content to take such a promise instead of a decree of the court, she must be content now. No charge of fraud can be based on a mere promise, and the judgment cannot be disturbed on that ground.

With the entry of judgment in an action of divorce dissolving the marriage contract the jurisdiction of the court over the parties is terminated, except to enforce the judgment or correct mistakes (*Kamp* agt. *Kamp*, 59 *N. Y.*, 212).

There is no mistake nor error to be corrected in this case, and the plaintiff must be left with the judgment she knowingly consented to.

Order affirmed; no costs.

DALY, C. J., and VAN BRUNT, J., concur.