Middleton, J.
Plaintiff in error, George Clough, was the plaintiff below in an action which he instituted on April 6, 1916, to recover possession of and title to certain real estate. In his original petition he alleges, in substance, that by the consideration of the court of common pleas of Ross county, on the 12th day of December, 1897, Virginia Clough, then the wife of the plaintiff, ob *421 tained a decree of divorce and award of alimony against him; that said allowance in alimony was one in gross for the sum of $2,500 in money and the undivided one-third of a certain farm situate in said county and known as the Crookham Farm, containing 775 acres more or less; and that the terms of the decree provided that the said Virginia Clough should “have, own, possess and enjoy in fee simple, as and for alimony,” the equal undivided one-third part of said real estate. The petition further states that subsequent to this decree, and on or about the 23d day.of March, 1898, the plaintiff, never voluntarily consenting to said decree and award and never agreeing for a division of his property, but solely for the purpose of carrying said decree and award into effect, and for no other purpose and upon no other consideration whatsoever, executed a deed to said Virginia Clough for certain real estate then and theretofore the property of plaintiff. A full description of the lands so conveyed by said deed is set out in the petition, and it appears therefrom that they amounted to about 369 acres. It further appears from this deed, which is set forth in full in the petition, that, in addition to the alimony awarded Virginia Clough, the plaintiff received a further consideration of approximately $5,000 by Virginia Clough agreeing to discharge certain indebtedness of plaintiff amounting to that sum. While the petition does not state that the land so conveyed was the land awarded in the decree, it is to be assumed from certain references in the deed that it included the land so awarded, and, in addition, certain other lands *422 which were conveyed .presumably for the additional consideration.
The plaintiff further recited in his petition that this property so conveyed was ancestral property, that the said Virginia Clough went into the possession of the same and had and enjoyed the rents and profits thereof until her death on the 27th day of November, 1910, and that on the 30th day of December, 1910, her last will and testament was filed for probate in Ross county, wherein the said Virginia Clough attempted to devise to the defendants in error the real estate described in said deed.
He further alleges in his petition that the purpose of said conveyance, in compliance with said order, decree and award, was for the support and maintenance of Virginia Clough during her lifetime, and, that, said real estate having been so used by her during her life, at her death her rights thereto terminated, and said real estate reverted, and was intended by the plaintiff and the order, decree and award of the court to revert, to him.
The prayer of the petition is that the title to said real estate be reinvested in the plaintiff, and that said award of alimony be modified so as to limit the title of said Virginia Clough to and in said real estate to a life estate.
A demurrer to this petition was filed in the court below, which was sustained, and the plaintiff not desiring to plead further judgment was rendered on the demurrer. Error is now prosecuted to reverse that judgment.
It seems to be conceded by counsel for both parties that the plaintiff in error’s right of action and the sufficiency of his petition depend upon the ques *423 tion whether or not the court of common pleas of this county has a continuing jurisdiction in the matter of the alimony awarded Virginia Clough, and upon whether the original action for said alimony continued to be and is now pending in said court. While we do not consider that this question may be wholly determinative of the issues presented by the petition, in view of other questions that might arise in respect to the deed subsequently executed by George Clough to Virginia Clough, it may be assumed for present purposes that the right to now modify this decree is decisive of the whole case.
It is contended in support of plaintiff’s right of action that the allowance of alimony rests wholly upon the marital obligation of maintenance and support, and to a great extent is limited to that purpose only; that the jurisdiction of the court in an alimony matter is a continuing jurisdiction; and that the court has full authority at any time subsequent' to any allowance of alimony to revise, change or modify the same.
We are not disposed to question seriously any of the propositions so urged, and especially the proposition that the jurisdiction of the court in alimony proceedings is ordinarily a continuing jurisdiction. That question seems to be definitely settled, in this jurisdiction at least, by the case of Olney v. Watts, 43 Ohio St., 499, and the very recent case of Smedley v. State, 95 Ohio St., 141, in which latter case it is said at page 143:
“It is well settled that the jurisdiction of a court in an alimony case is continuing.”
We are not, however, inclined to accept the rule so announced in this latter case as exclusive, es *424 pecially in view of the character of the alimony involved in that case and of the award made therein. While, as we have observed, we admit as a general proposition that such jurisdiction is continuing, it does not necessarily follow that every decree in alimony may be open to change or modification, and that the court may not by its decree, or the parties by their acts and agreement, when the same have been judicially sanctioned by a decree of the court, completely foreclose any right to a future revision or' change thereof. Petersine v. Thomas, 28 Ohio St., 596; Law v. Law, 64 Ohio St. 369, and Hribal v. Hribal, 11 C. C., N. S., 404.
In the case of Petersine v. Thomas, the court, speaking through Judge Ashburn, say in respect to this question:
. “Once this discretionary power of the court, in allowing alimony, has been fully exercised in a case, it is ordinarily at an end — exhausted. So that, when once the court has allowed to the wife, what it considers just and equitable alimony in gross, and a divorce is at the same time granted, she will be deemed to have been allowed her just and equitable portion of her husband’s estate. The court may, however, in the exercise of a sound discretion, grant the divorce, and make the alimony allowed payable in installments, and by continuing the alimony branch of the case, hold the parties and subject-matter, by proper orders, so under its control, as to increase or diminish the allowance as equitable circumstances and justice shall require.’*
In Law v. Law, at page 375, it is held unequivocally that, “Where the terms of a decree as to alimony are fixed by the court pursuant to an agree *425 ment of the parties they are not subject to modification.”
When a gross sum is allowed, the courts generally recognize it as in full satisfaction of all claims, and regard the award so made as final, and the awarding court’s jurisdiction at an end, unless there is some statutory authority continuing its jurisdiction. Plaster v. Plaster, 47 Ill., 290; Stratton v. Stratton, 73 Me., 481; Mitchell v. Mitchell, 20 Kan., 665; Sammis v. Medbury, 14 R. I., 214; Kamp v. Kamp, 59 N. Y., 212, and Johnson v. Johnson, 65 How. Prac., 517.
In the case of Shaw v. Shaw, 59 Ill. App., 268, the court say:
“Where, in a decree for divorce, the wife is given a gross sum as her alimony, it is in full discharge and satisfaction of all claims for future support, and the court has no jurisdiction to modify it at a subsequent term.”
Among cases where a gross sum has been allowed and paid, and the decree of the court fully executed, we have found no case, nor has any been cited to us, which would authorize the court to deny such a decree the same finality with which other judgments are regarded. We think it may be deduced from the authorities on this question that whether the jurisdiction is continuing or not depends wholly on the character of the decree itself, and on whether it has been executed and full payment made thereunder, or not.
Referring now to our statutory provisions on this subject, it is thus provided in Section 11998, General Code:
“Upon satisfactory proof of any of the charges in the petition, the court shall * * * give *426 judgment in favor of the wife for such alimony-out of her husband’s property as is equitable, which may be allowed to her in real or personal property, or both, or in money, payable either in gross or by installments.”
It is settled in Gallagher v. Fleury, 36 Ohio St., 590, and Herron v. Herron, 47 Ohio St., 544, that real estate may be decreed in fee simple as an allowance in gross for alimony. The decree in the instant case is. one of this character. It is one wholly unconditional. There is no reservation either express, or implied in any of the conditions of the court’s order and decree which would suggest that the court intended it to be subject to any future revision or modification. It was in every respect, therefore, a finality so far as the court could make it such. It was expressed in terms which left no doubt whatever that the court intended it to be a final adjudication of the rights and obligations of both parties.
There is nothing disclosed in the petition to justify the claim therein that this real estate was intended by “said order, decree and award to revert to the source from which it came,” and this allegation must be regarded as a mere conclusion of the pleader, without any support thereof to be found in any other statement in the petition.
In Herron v. Herron, supra, the court say at page 549:
“This transfer of title was not by any act of the husband, but by the fiat of the court. Hence it is to the purpose of the court we must look, and not the purpose of the husband. The decree is not difficult of construction. It explains itself.”
*427 While the title in the instant case was conveyed by an act of the husband, yet the consideration for that act is the title conveyed by the decree of the court, and that title as so conveyed is the title which must control the jurisdiction of the court in respect to a modification thereof. It is not, therefore, to the purpose of the husband that we must look, in this case, but the purpose of the court in its original award, and, if the husband misconceived the latter’s purpose, and the scope and effect of its decree, he did so at his peril.
The court continuing in Herron v. Herron say:
“The title received by the wife was as full and ample as though a conveyance from the husband had been made, and she took a title in fee simple. * * * She took as a purchaser.”
So in the instant case Virginia Clough, by virtue of this decree, took a title in fee simple to the lands included in said decree, as a purchaser, and a subsequent conveyance of said lands by her husband could not in any manner affect her title thereto, theretofore conveyed to her by the decree of the court.
We conclude that the decree for alimony involved in this controversy is one not subject to any change or modification, and that any subsequent change in the conditions or circumstances of either party to the original action may not be considered by the court of common pleas as affecting in any manner the finality of its former decree.
The judgment of the court of common pleas is affirmed.
Judgment affirmed.
Walters and Sayre, JJ., concur.