## DRACH v. DRACH.

*Divorce and alimony—Allowance of legal expenses discretion-ary.*

The allowance for legal expenses in a divorce and alimony proceeding is within the discretion of the trial court, and, in the absence of an abuse of discretion, the action of the court upon a motion for such an order will not be re-viewed on error.

(Decided December 18, 1922.)

ERROR: Court of Appeals for Hamilton county.

*Mr. W. F. Fox,* for plaintiff in error.
*Messrs. Miller & Elston,* for defendant in error.

BUCHWALTER, J.   This was an action for divorce and alimony, and was heard on the cross-petition of the defendant, Catherine Drach, now plaintiff in error.

Prior to the hearing, plaintiff in error filed a motion for an allowance for legal expenses. Consideration of this motion was postponed by the trial court until the final hearing, and, after the hearing, an affidavit was presented in support of such motion.

On hearing, the court granted the divorce and awarded alimony to plaintiff in error, and at the time of entering the decree, when the matter of legal expenses was presented, declined to make any further allowance for such purpose. Section 11994, General Code, provides:

"The court, or a judge thereof in vacation, may

grant alimony to either of the parties for his or her sustenance and expenses during the suit.''

This provision of the code vests in the court a discretion to allow legal expenses to either party, similar to the allowance of temporary alimony. Temporary alimony was allowed in this case, as was also a small amount for legal expenses, and, on final hearing, there was an award of alimony made, to be payable either in installments or in a lump sum.

While the motion asking for an allowance for legal expenses was filed prior to the hearing, the affidavit in support thereof was filed after the final hearing. The amount of alimony was agreed upon, and on presentation of the decree the question of attorney fees was then raised. The court may have considered the question of attorney fees on making the allowance for alimony, which was substantial.

There is nothing in the record to show any abuse of discretion by the trial judge. The petition in error will, therefore, be dismissed.

*Petition in error dismissed.*

HAMILTON, P. J., and CUSHING, J., concur.