ROBERTSON, APPELLEE, *v.* ROBERTSON, APPELLANT.

(Decided December 31, 1938.)

*Mr. Emory F. Smith,* for appellee.
*Mr. Arthur H. Bannon,* for appellant.

BLOSSER, J.   James W. Robertson brought an action in the Court of Common Pleas against Ethel May Robertson seeking a divorce on the grounds of wilful absence and gross neglect of duty. This suit was numbered 29601 in that court. Ethel May Robertson filed an answer and cross-petition and averred among other things that on December 1, 1934, she filed a suit for alimony against James W. Robertson in that court, being case number 27217; that James W. Robertson filed no answer in that suit but appeared at the trial with his counsel and contested the case. The court rendered the following decree for alimony and custody of the child in that suit:

"* * * the court find the issues joined in favor of the plaintiff and find that she is entitled to alimony from defendant and the custody of their minor child, Ethel Smith Robertson, subject to the right of the defendant to visit said child at reasonable times and under reasonable circumstances.

"It is therefore ordered and decreed that said defendant, James Wallace Robertson, pay to the said plaintiff, Ethel May Robertson, as and for her reasonable alimony, the sum of $500 in cash, and that the same is hereby made a good, valid and subsisting lien on the real estate of the defendant located in Scioto county, Ohio, and also upon the real estate of defendant situate in the village of Georgetown, county of Brown and state of Ohio * * *.

"It is further ordered that until the further order of this court the said defendant, James Wallace Robertson, pay to the clerk of this court for plaintiff, as and for the support of her said minor child, Ethel Smith Robertson, the sum of $5 per week, beginning on Saturday, July 20th, 1935, and a like payment on each Saturday thereafter."

The cross-petition also averred that at the time of the entry of the decree for alimony she was in fairly good health but owned no property except her house-

hold goods; that James W. Robertson earned about $300 per month in his profession and had certain real estate of the value of $1,500; that she recently was injured in an automobile accident and incurred hospital and medical bills in the sum of $479.85 which she has been unable to pay; that by reason of her injuries she has been unable to do any work; that she has been and is now in need of personal care and nursing and in need of the care of a physician but that she is not able to pay for the same; that she requested James W. Robertson to pay said bills which he refused to do. She therefore prayed for sufficient money to pay for said bills and for additional alimony for the support of herself and the support and maintenance of their child, and for her expense and maintenance during the pendency of the suit. In an amended answer the defendant admitted the residence of the plaintiff and that she married him as alleged in the petition and denied all the other allegations. For a second defense she alleged that the issues in this case are the same as those in the alimony case No. 27217; that the judgment and decree in that case is in full force, unreversed and is a bar to the plaintiff's action herein. All these matters were denied in the reply of the plaintiff.

On the trial the court denied the plaintiff a divorce and denied the defendant further alimony and dismissed her cross-petition. She thereupon filed notice of appeal to this court upon questions of law and fact. It has been repeatedly held that a suit for divorce and alimony is not a chancery case and is not appealable on questions of law and fact. *Bennett* v. *Bennett,* 134 Ohio St., 330, 16 N. E. (2d), 474. The notice of appeal may be amended by striking therefrom the words "and fact" and the case is retained in this court to be disposed of on questions of law.

The defendant asserts that she is entitled to a reversal for the reasons that the court erred in refusing to increase the amount of alimony to her on account

of her changed condition and circumstances and in refusing to grant temporary alimony for her support and expenses during the pendency of the suit.

The allowance of alimony is regulated entirely by statute. The evidence at the trial disclosed that the defendant owned two pieces of property, one of which was incumbered by mortgage; that there was an equity in the property of about $1,500 and that James W. Robertson had a gross income of approximately $300 a month from the practice of his profession as a veterinarian. The evidence also tended to support the allegations of the cross-petition of the wife with reference to her physical and financial condition.

It was held in *Durham* v. *Durham,* 104 Ohio St., 7, 135 N. E., 280, that in an action for alimony "the trial court is not authorized to make an equitable division of the husband's property, but is confined by Section 11998, General Code, to making an award as alimony for her maintenance and support during separation." This section of the code provides that in a case of this kind the court shall make such order for the disposition, care and maintenance of the children of such marriage as is just, and give judgment in favor of the wife for such alimony out of her husband's property as is equitable, which may be allowed to her in real or personal property or both or in money payable either in gross or by installments.

The husband asserts that the allowance for the support of the wife in this case should not be allowed because the court in the former case allowed the $500 which was in gross and is a bar to the wife's claim in this case. This is supported by the wording of the journal entry in case No. 27217 so far as alimony to the wife is concerned. The entry expressly states that so far as the support of the child is concerned it is held open until the further order of the court. However, there is no such statement in the decree with reference to the support of the wife. Therefore, unless there is

some statement in the entry retaining jurisdiction over the allowance of further alimony to the wife the court has no jurisdiction in a further application for additional alimony.

In the case of *Clough* v. *Long,* 8 Ohio App., 420, it is held:

"1. While as a general rule the jurisdiction of a court in alimony proceedings is a continuing jurisdiction, it does not necessarily follow that every decree in alimony may be open to change or modification, and that the court may not by its decree, or the parties by their agreement, when the same has been judicially sanctioned by a decree of the court, completely foreclose any right to a future revision or change thereof.

"2. When a gross sum is allowed as and for alimony, and full payment thereof has been made, such allowance is generally recognized as a final adjudication of the rights of the parties, and the court's jurisdiction is at an end."

At page 425 of the opinion it is said:

"Among cases where a gross sum has been allowed and paid, and the decree of the court fully executed, we have found no case, nor has any been cited to us, which would authorize the court to deny such a decree the same finality with which other judgments are regarded. We think it may be deduced from the authorities on this question that whether the jurisdiction is continuing or not depends wholly on the character of the decree itself, and on whether it has been executed and full payment made thereunder, or not."

In the case of *Hribal* v. *Hribal,* 21 C. D., 18, 11 C. C. (N. S.), 404, it is said:

"While a former decree of court allowing a wife permanent alimony in a lump sum remains unimpeached, she will not be permitted after exhausting the amount awarded her to maintain a new and independent action for a new allowance."

The hearing on the application for temporary ali-

mony in this case was continued to be heard at the time of the trial of the case on the merits. The trial court in its sound discretion had the legal authority to grant temporary alimony to the wife in this case. However, the granting or refusing of the application for temporary alimony rests in the sound discretion of the trial court. *Norton* v. *Norton,* 111 Ohio St., 262, 145 N. E., 253; *Taylor* v. *Taylor,* 25 Ohio St., 71; *Drach* v. *Drach,* 17 Ohio App., 299.

As the record discloses that the judgment of the trial court in the former case has been fully complied with both in the payment of the judgment for alimony to the wife and also that James W. Robertson has fully complied with the order for the support of the child, and that there is no change in the situation or circumstances with reference to the child, the judgment of the trial court in dismissing the cross-petition of the wife was proper and not erroneous.

For these reasons the judgment of the Court of Common Pleas is affirmed.

*Judgment affirmed.*

McCurdy, P. J., and Gillen, J., concur.