1006

JAMES G. HEASLET, PETITIONER, v. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.*

Docket No. 108421. Promulgated November 10, 1942.

*Paul L. Holden, Esq.,* and *Warren E. Hacker, Esq.,* for the petitioner.

*Lawrence R. Bloomenthal, Esq.,* for the respondent.

---

*Prior to October 22, 1942, this report was approved for promulgation.

OPINION.

HILL: The sole issue in this proceeding is whether or not the income of a trust created by petitioner should be taxed to him. The question involves two different periods of time, inasmuch as there was a change of facts at the time petitioner and his wife executed the separation agreement. For the period prior to September 1937 respondent relies upon section 22 (a) and section 167 of the Revenue

Act of 1936. For the remainder of the taxable years he relies upon the doctrine of *Douglas* v. *Willcuts*, 296 U. S. 1.

In regard to the period before the separation agreement we see no basis in fact for respondent's reliance upon section 167 of the Revenue Act of 1936, since petitioner could make no alteration or revocation in the trust instrument without his wife's consent. She was a life beneficiary and had a substantial interest adverse to that of petitioner. Cf. *Meyer Katz*, 46 B. T. A. 187 (on appeal, C. C. A., 7th Cir.) ; *Jane B. Shiverick*, 37 B. T. A. 454. Nor is the income of the trust for the period prior to the separation agreement to be taxed to petitioner under section 22 (a) and the doctrine of *Helvering* v. *Clifford*, 309 U. S. 311. This was not a trust for a short term and therefore petitioner must have retained the basic elements of control and enjoyment to make the income taxable to him under the latter contention. These elements of control are lacking. Under the agreement the trustee was to distribute the income quarterly as it accrued to petitioner's wife during her lifetime. No discretion as to the distribution was left in the corporate trustee and hence no control over income whatsoever was left in petitioner. Cf. *Howard Phipps*, 47 B. T. A. 357. Petitioner's control over investments was limited to "the trustee, whenever practicable, shall secure my [petitioner's] written approval to all sales or purchases of securities which it may propose to make." The lack of approval did not affect any transaction which the trustee executed without consent of the petitioner. Petitioner had parted with the corpus and the probability of his ever regaining it under the trust instrument was very remote. Cf. *Stephen Hexter*, 47 B. T. A. 483. The only benefit which petitioner could get under the trust agreement was the distribution of income during his lifetime, but only after the death of his wife. Under such facts the income is not to be taxed to the grantor under the broad provisions of section 22 (a). *Commissioner* v. *Branch*, 114 Fed. (2d) 985.

There remains the further question of whether or not the income of the trust is to be taxed to petitioner for the taxable periods after the separation. Respondent contends that under the doctrine of *Douglas* v. *Willcuts*, *supra*, the income was used to satisfy petitioner's obligation to support his wife.

The trust here in question was created long prior to the separation of petitioner and his wife. However, an existing trust can just as well be an "alimony trust" as one established upon the separation. *Thorne Donnelley*, 37 B. T. A. 90; affd., 101 Fed. (2d) 879; certiorari denied, 307 U. S. 645.

By the terms of the existing trust the income was to be paid to the wife during her life. The only right to alter, amend, or revoke granted to petitioner by the trust instrument was limited to that action

taken with the consent of petitioner's wife. We have already held that she had a "substantial adverse interest" prior to the separation and certainly the adversity became even greater after separation. It is common knowledge that in divorce proceedings courts do take into consideration the financial position of both parties in decreeing alimony. In the suit for alimony brought by petitioner's wife the court considered the wife's financial status and no doubt if there had been no trust the decree would have provided for more than $100 per month. The trust is not security for the continuing obligation to pay $100 per month but is separate and distinct. See *Helvering* v. *Fuller*, 310 U. S. 69. Therefore, the separation agreement did not transform the existing trust into what is commonly known as an "alimony trust", and as a result petitioner is not taxable upon its income for any of the taxable years.

But even if we were to hold otherwise, the income would not be taxable to petitioner. The law of Ohio is clear that an agreement incorporated into a divorce decree becomes final and binding and the court has no power to thereafter change such decree. *Henry M. Lucas*, 44 B. T. A. 212, and cases cited therein. This rule also applies to decrees for alimony alone. *Jones* v. *Jones*, 31 O. L. R. 253. This is true unless the decree retains jurisdiction over the allowance of further alimony. *Robertson* v. *Robertson*, 61 O. App. 458; 22 N. E. (2d) 744.

The agreement provided only for payment of $100 per month and the continuing payment of the trust income. The amount of $100 could not be changed even in the event there was no trust income. Petitioner was under no obligation to supplement the trust income except by the continuing payment of $100 per month. Cf. *Melville H. Haskell*, 46 B. T. A. 592. In such a situation the income of the trust does not relieve petitioner from any obligation of support under state law or from any obligation created by agreement. *Helvering* v. *Fuller*, *supra*. Cf. *Pearce* v. *Commissioner*, 315 U. S. 543.

*Decision will be entered under Rule 50.*