No. 17675—Ola M. McEntire v. Mort G. McEntire. Error to the Court of Appeals of Cuyahoga county.

ALIMONY—(1) Creditor's bill to enforce judgment for—Conditional decree requiring wife to restore property obtained in lieu of—If resolution not made, collection of judgment may be enjoined—67 OS. 349 dist.—(2) Privileged communications—11489 GC. and §3 Sec. 11494 GC.—Verbal saparation agreement, as to conveyance of property.

Day, J.:

1. In an action in the nature of a creditor's bill, to enforce collection of a judgment for alimony obtained by the wife against the husband, a court of equity has power before enforcing such judgment to make a conditional decree requiring the wife to make restitution of property obtained in lieu of alimony heretofore agreed upon with her husband, or, if restitution be not made, enjoin the collection of the judgment for alimony upon the cross-petition of the husband, it being inequitable to permit the wife to enforce the judgment for alimony and at the same time retain the property obtained by the agreement. The maxim, "He who seeks equity must do equity," is applicable. (DeWitt v. DeWitt, 67 Ohio St., 340, distinguished.)

2. When husband and wife, who have been living separate and apart for some months, enter into an oral agreement of separation and adjustment of property interests relative to alimony, support, etc., which was to be later reduced to writing and signed, and the husband performs his part of such agreement by conveying to the wife property agreed upon, even though she refuses to sign the agreement after being reduced to writing, and the parties continue to live separate and apart and all martial relations incident to coverture are abandoned, under such circumstances communications between the husband and wife not in the known presence of a third person competent to be a witness concerning such agreement for alimony and separation and releasing of rights, claims and duties arising out of their marital relations, are within the spirit of Section 11988, General Code, providing that husband and wife are competent witnesses in divorce and alimony cases; and such communications are not privileged within the

terms of paragraph 3, Section 11494, General Code, making communications between husband and wife during coverture inadmissible.

Judgment affirmed.

Marshall, C. J., Wanamaker, Robinson, Jones, Matthias and Allen, JJ., concur.

---

No. 17731—The State ex rel. King, v. J. H. McClure, Receiver, etc. In Quo Warranto.

INTERURBAN RAILWAYS—Grants to and relinquishment of rates of fare and frequency of service, formerly imposed—Not void under 9102 GC. if considerations are proper.

JONES, J.:

A grant made in good faith by a board of county commissioners to an interurban company, wherein certain obligations relating to rates of fare and frequency of service imposed in a former franchise are relinquished, is not void by virtue of Section 9102, General Code, if the considerations supporting the second grant are substantial and advantageous to the public.

Writ denied.

Marshall, C. J., Wanamaker, Robinson, Matthias, Day and Allen, JJ., concur.