## COFFEY *v.* CALHOON.

*Negotiable instruments—Limitation of actions—Statute not tolled by part payment by joint maker, when.*

The part payment of a joint note by one of its makers, without the authorization or knowledge of the other maker or makers, does not toll the statute as to such other maker or makers.

(Decided December 15, 1924.)

ERROR: Court of Appeals for Holmes county.

*Mr. Charles R. Cary,* for plaintiff in error.
*Messrs. Schuler & Putnam,* for defendant in error.

HOUCK, J. On March 31, 1897, T. G. Coffey and Mary Louise Coffey executed and delivered to James I. Calhoon the following promissory note:
"$200.00          Loudenville, Ohio, March 31, 1897.
"One day after date we promise to pay to the order James I. Calhoon two hundred dollars.
                              "T. G. Coffey.
                              "Mary Louise Coffey."
The following indorsements appear upon the back of the note:
"J. S. Calhoon, credit in 1907, $10.00; credit Oct. 6, 1920, cash $15.00; Nov. 6, 1920, Mdse. $2.50."
These payments were made by T. G. Coffey and without the knowledge, consent, or approval of Mary Louise Coffey. Suit was commenced on

Limitations of Actions, 37 C. J. § 643.

December 31, 1923, by Otis Calhoon, the then owner of the note. May 21, 1924, trial was had to a jury and a verdict returned for $500 against Mary Louise Coffey, the defendant below, the plaintiff in error here. The trial judge entered a judgment on the verdict.

Question: Under the above facts was the judgment sound in law?

Learned counsel for plaintiff in error insists that the cause of action did not accrue within 15 years, and that the payments made on said note by the joint maker did not toll the statute of limitations as against his client.

The statute begins to run on a promissory note, payable at a definite time, at maturity, in the present case on the 1st day of April, 1897, and after 15 years from that date, in the absence of a payment made thereon, recovery would be barred.

However, under the facts, no payment on the note in question was ever made by the plaintiff in error, and as against her it is claimed the cause of action is barred, unless the admitted payments, which were made by the co-maker of said note, and which were made without her knowledge and consent, stopped the running of the statute against her.

It seems to us that the payments contemplated by the statute must be made by the one to be affected thereby, or by some person duly authorized for that express purpose; and, in the absence of such a showing of facts, any other payments would not toll the statute.

"The payment of a dividend by the assignee of an insolvent debtor, is not such a part payment as

will * * * take the residue of the debt out of the statutory limitation, as against such debtor." *Marienthal* v. *Mosler,* 16 Ohio St., 566.

"A part payment of a note by one of several joint makers will not save the running of the statute against any of such joint makers, except the one making such part payment." *Keel, Exr.,* v. *Rudisell,* 13 C. C., 199, 7 C. D., 464.

In support of the above rule, we also cite *Hance, Exr.,* v. *Hair,* 25 Ohio St., 349, and *Kerper* v. *Wood,* 48 Ohio St., 613, 29 N. E., 501, 15 L. R. A., 656.

It does not seem necessary to suggest that these decisions give great emphasis to the fact that a payment will not avail to take a case out of the statutory bar, unless it be made by the party to be charged thereby, or by some one fully authorized to act for the one sought to be thus charged.

The judgment in this case, of the common pleas court, is wrong, and must be reversed. The judgment should have been for the defendant in the lower court, the plaintiff in error here. Therefore, under the facts and the law, the judgment of the common pleas court should be and hereby is reversed. And, coming now to render the judgment the common pleas court should have rendered, this court enters judgment for the plaintiff in error.

*Judgment reversed and judgment for plaintiff in error.*

PATTERSON and SHIELDS, JJ., concur.