## ROCKHOLD v ROCKHOLD

Ohio Appeals, 4th Dist, Ross Co

Decided January 6, 1932

Messrs. Walton G. Alcorn and Garrett S. Claypool, Chillicothe, for plaintiff in error.

J. D. Withgott, Chillicothe, for defendant in error.

## BY THE COURT

A preliminary question has arisen upon the application of the plaintiff in error for an allowance of alimony in this case to enable her to prosecute her proceeding in error. It is claimed for this motion that under §11994 GC provision is made for the allowance of alimony by the Court of Appeals when an appeal is taken from the trial court to the Court of Appeals. It is claimed that the word appeal in the last sentence of §11994 is used in a generic sense and ought to be given an interpretation that would include both proceedings on appeal and proceedings in error, and that when so considered this court has power to grant the award asked for. The word appeal in the Ohio code of procedure, and particularly in the chapter of which §11994 is a part, has a fixed definite meaning and relates only to those cases in which a hearing de novo is had in the reviewing court. The sentence in question has been rendered unconstitutional by the amendment of 1913, since which time appeals in alimony cases are not tolerated. The motion of the plaintiff in error for alimony pendente lite is overruled.

Coming to consider the merits of the case we find a very unsatisfactory record. If the trial court had seen fit to have dismissed both the petition and cross petition on the ground that neither party was entitled to relief this court would have affirmed such judgment. Indeed, it is only because we are required to indulge every presumption in favor of the judgment of the trial court that we are enabled to say that the decree of divorce in this case ought to be upheld.

In awarding the defendant alimony in the sum of $5,000 the trial court undertook to say how much of that should be paid by defendant to her counsel. Our view is that the court has a right to say how much of the opposing party's property shall be taken for the payment of counsel fees but the court is without power to say how much or how little a party shall pay out of his own property to counsel. We are further of the view that the money to be paid Mrs. Rockhold can be more advantageously employed by her if it be not doled out in small amounts.

The decree so far as it relates to alimony is consequently modified by awarding to the defendant the sum of $5,000 and that said allowance be charged as a lien upon all of the real estate of the plaintiff; that said sum be paid as follows: $2,500 by February 1, 1932, with interest thereon, from September 1, 1931, and $2,500 not later than September 1, 1932, with interest thereon from September 1, 1931, until paid.

The costs of this proceeding are taxed to the defendant in error.

The decree of the Common Pleas Court will be modified as herein indicated and affirmed as modified and the case remanded to that court for execution.

Judgment modified and affirmed.

MAUCK, PJ, MIDDLETON and BLOSSER, JJ, concur.