## RIEBEL v RIEBEL

Ohio Appeals, 2nd Dist, Franklin Co

No 2301. Decided Oct 28, 1933

Ballard & Hensel, Columbus, and D. B. Ulrey, Columbus, for plaintiff in error.

Stuart R. Bolin, Columbus for defendant in error.

## OPINION

By BARNES, J.

The question arises at once as to whether or not §11994 GC, above quoted, grants to this court authority to pass on and allow alimony as requested.

It will be noted that the authority of the Court of Appeals, or a judge thereof, may be invoked when an appeal is taken by either party.

The action is not in this court by appeal, but on proceedings in error. §11994 GC is in substance the same as §5701, Revised Statutes, and was enacted many years previous to the constitutional amendment of 1912. In the unreported case of Dodd v Dodd, decided February 2, 1915, (being a Franklin County case), this court determin-

ed that under the provisions of §6, **Article 4, of the amended Constitution** a decree relating to alimony is not appealable. This principle is now thoroughly established by our Ohio courts. No change has been made in said §11994 GC since the constitutional amendment of 1912. Under the old law the purpose of the statutory enactment (§5701, Revised Statutes) is very apparent.

The effect of an appeal is to suspend judgment pending determination in the court to which the cause is appealed. On appeal the case is heard de novo. On proceedings in error the judgment is not suspended, and the party in whose favor an order for alimony or maintenance is made may proceed to collect, unless a supersedas bond is authorized and given, which latter then takes the place of the judgment. We note from the original papers in the file of the instant case that the trial court by entry on application fixed the amount of the supersedas bond at the sum of $2500.00. while it is true that on appeal where appeal bond is required, the appellant would be liable on the appeal bond for any judgment, yet the fact remains that the judgment is suspended and all power taken from the trial court to enforce or protect its orders. By reason of the suspension of the judgment and the de novo hearing, the case stands as though it had never been tried at all. Very naturally, under such a situation, the Legislature would feel called upon to make provision for temporary alimony, expenses and support by the appellate court pending the hearing of the cause on its merits.

Regardless of whether or not we have correctly visualized the legislative intent, the fact remains that we find no statute authorizing the Court of Appeals to allow temporary alimony or expenses and support where the cause is in this court on proceedings in error.

There may be a good reason why the law should be amended, but that is a legislative function. The fact that this statute was adequate to meet all situations under the Constitution of 1851 would not warrant the court in changing its language to meet the changed procedure under the Constitution of 1912.

Counsel for plaintiff in error has called our attention to the case of **Swartz v Swartz, 2 Abs, page 168,** being a decision by the Court of Appeals of Summit County, and under a similar proceeding that court determined that it had no authority to grant temporary alimony since the decree of divorce was not vacated, consequentiy the applicant was no longer the wife of William Swartz. Through the epitomized opinion we are not advised as to the facts involved other than that the divorce and alimony were granted to the wife and that in the Court of Appeals she filed her motion for temporary alimony. Under no circumstances would a Court of Appeals, on proceedings in error, be warranted in allowing alimony after a divorce had been granted the husband, and certainly this should not be done under the guise of a temporary order.

In the instant case an allowance for the support of the children was made to the defendant in error, payable in monthly installments, and month by month this amount accrues, and unless we reverse the case payment no doubt will be demanded through the supersedeas bond.

Regardless of our construction of the law, we would in our discretion hold to this conclusion on the facts except as to the question of an allowance for attorney fees. It may seem harsh that the defendant in error should be compelled to employ counsel and recompense him by the possible sacrifice of the best interests of the minor children, but may we not say that this is the general rule in all litigation? The winning litigant always has to pay the fees of his own attorney and frequently such individual is harrassed through many courts.

In the absence of statutory provision covering this situation, it is our conclusion that we have no power to make an allowance to the defendant in error and therefore the application will be denied.

Exceptions will be allowed to the defendant in error.

HORNBECK, PJ, and KUNKLE, J, concur.