PEARSON v PEARSON

Ohio Appeals, 2nd Dist, Miami Co

No 411.  Decided Dec 12, 1941

Forrest L. Blankenship, Troy; W. A. Haines, Troy, for plaintiff-appellant.

Robert A. Prince, for defendant-appellee.

## OPINION

BY THE COURT:

This is an appeal on questions of law and fact from an award of money to the plaintiff as representative of her share of the personal property in the name of the defendant, a divorce having been granted to the defendant for the aggression of the plaintiff.

The plaintiff sued for divorce, alleging extreme cruelty by reason of physical violence practiced upon her by her husband when he was intoxicated. The defendant answered, denying the averments of the petition and cross-petitioned, seeking divorce on the ground of extreme cruelty of the plaintiff in that she, on many occasions, cursed him and struck him.

The court found that there was no sufficient corroboration of plaintiff's testimony to support a decree in her behalf and that, as the defendant's testimony was corroborated, he had established the allegations of his petition and he was granted the decree.

The legal situation thus presented precluded the trial judge awarding any alimony or support money to the plaintiff and he was remanded to the discretionary right under §11993 GC to adjudge to the plaintiff such share of the husband's real or personal property, or both, as deemed just. It appearing that the defendant had no real estate in his name and that all of his holdings were in cash or personal property, the court made division of such personal property as it deemed just.

The appeal to this court is on law and fact and, as there has been no objection to the form of the appeal and testimony has been taken originally in this court, it devolves upon us to so consider the appeal and we, therefore, pass upon the questions presented on the pleadings and the testimony.

Notwithstanding the fact that the judgment in this court is our own and determination is made de novo and not as upon a review on error, we may consider the action of the trial judge in the original hearing.

Inasmuch as the decree of divorce has been granted and no appeal will lie from such decree, and divorce therefore became effective as of the date of the decree in the trial court, we should, and have, considered the division of the property as of the date of the divorce decree, namely, March 26, 1941, which decree was predicated upon the hearing in Common Pleas Court of date, February 18, 1941.

Plaintiff, in her petition, described generally the personal property which she claimed the defendant owned, including his interest in a Life Insurance Policy in the amount of $5000.00 with the Prudential Insurance Company, and prayed that she be awarded one-half of all of said personal property.

The trial judge, in his written opinion, evinced a purpose to divide the personal property in the name of the defendant in the proportion of one-half to each of the parties. This would appear to be a fair and just division of the property in the light of the facts appearing.

The parties were married December 20, 1908 and separated on or about December 1, 1940. Two children were born of the marriage. One died in infancy, the other son, 31 years of age, was living with them at the time of their separation. There is nothing to indicate that the parties had any serious marital difficulty prior to February, 1939, the time when their trouble began, according to the testimony of the defendant. The plaintiff attributes the difficulties which arose to excessive drinking on the part of her husband and his persistence in remaining at a man's club night after night. The defendant gives no explanation of the rift between the parties except her excessive temper.

It clearly appears that the plaintiff was, during much of the time covered by the testimony, suffering from very serious physical disabilities. On July 19, 1939, the plaintiff was examined by Dr. Puterbaugh, who testified that she was suffering from pelvic disturbances, displacement of the uterus, relaxation of the muscles and ligaments which seemed to indicate surgical treatment. Less than one week later, on July 25, 1939, she was operated on in a hospital, the record disclosing that "The uterus was brought forward and interposed beneath the bladder in such a way as to prevent a further displacement of the uterus and displacement of the bladder. The cervix was cauterized, the muscles of the perineum were brought together to provide additional support and a hemorrhoidectomy was done". During the operation, prior and subsequent thereto, plaintiff was passing through the menopause and by reason thereof was highly nervous. Dr. Puterbaugh, testifying at the time of the trial, said that in addition to being highly nervous, plaintiff complained of pain in the lower back region which apparently is due to what is called spondylitus and arthritis of the spine and recurrence of a chronic sinus complaint and that she was easily moved to hysteria.

It is evident from the record, and it is common knowledge, that women who are passing through the menopause require the most kindly and considerate treatment and that at times they are petulent, act irrationally and in an immoderate manner.

The conduct of this plaintiff, as the trial judge had a right to find it from the evidence, may well have been explained by her physical condition. This condition also must be given careful consideration in this court, as no doubt it was in the trial court, in making a just award to the plaintiff from the property in the name of the husband.

These parties lived together, reared their family, worked to a common purpose and, insofar as the record is concerned, both did their full part to acquire the personal property which the defendant had as of the date of the original hearing. The decree having been granted, and inasmuch as the plaintiff is now upwards of 50 years of age, unable to work and the prognosis is uncertain when, if ever, she will be able to earn any money, she will, so far as the record discloses, have to depend largely upon whatever award this court awards to her. It is obvious that no division of the property, which this court could properly make, will yield enough return to provide sufficient support for her in the manner in which she is accustomed to live.

The trial judge fixed the total valuation of the property of the defendant at $5,500.00, awarding the sum of $2,750.00 to the plaintiff, $1,375.00 thereof to be paid upon the entering of the decree of divorce and the balance of $1,375.00 in installments, due 6 and 12 months thereafter. We agree with the trial judge and adopt his conclusion in the share which he held the plaintiff should enjoy in the personal property, but reach a somewhat different conclusion as to the value thereof.

It should be said in fairness to the trial judge, that there was no evidence whatever before him as to the cash value of the Life Insurance Policy which was carried on the life of the defendant. This matter was more carefully gone into in the testimony which was taken in this court.

Without further comment on the controversy between parties, we come to an appraisal of the value of the property in the name of the defendant at the time of the trial of the cause. Inquiry was not made of the defendant in detail as to the value of his property, but his son testified, and we have taken his valuation in most instances.

The property and its value is as follows:

Money in bank _____ $2,755.54
Baler and combine ___ 1,300.00
Farmall Tractor _____ 850.00
Corn Picker _____ 100.00
Discs _____ 150.00

| | |
|---|---|
| Tractor Breaking Plows | 100.00 |
| Ford and Chev. Trucks (2) | 250.00 |
| Studebaker Automobile | 350.00 |
| Terraplane ('32) | 50.00 |
| Other equipment | 250.00 |
| 550 bu. of corn | 310.00 |
| 10 ton of hay | 175.00 |
| 10 ton of straw | 60.00 |
| 96 acres of growing wheat, based on eventual yield of 1200 bu. | 600.00 |
| Cash value of Ins. Policy | 2,635.00 |
| Use of defendant's money in bank, $1,000.00 @ 6%, 9 mos. | 45.00 |

| | |
|---|---|
| TOTAL | $9,980.54 |

Upon which defendant should be given credit,

| | |
|---|---|
| For money which he received by inheritance | $500.00 |
| Cash value of Ins Pol. in name of plaintiff | 527.00 |

| | |
|---|---|
| TOTAL | 1,027.00 |

| | |
|---|---|
| Balance value of property to be divided | $8,953.54 |
| One-half thereof to plaintiff | 4,476.77 |
| From which should be deducted the amount paid to the plaintiff under order of the Court of Appeals, estimated to November 11th | 475.00 |

| | |
|---|---|
| Leaving balance to be awarded to plaintiff | $4,001.77 |

which should be paid $2000.00 as of the date of the journal entry in this court and the balance in 9 months and 15 months thereafter, defendant to have the option of paying all in cash.

The cash value of the insurance policies is estimated as the record is not conclusive as to their value as of the date of the divorce decree and the policies are not with the transcript of testimony. The cash value can be determined from the policies and would be the amount as shown therein upon the last payment of the full annual premium falling due before the date of the decree.

The Life Insurance Policy, issued by the Prudential Insurance Company on the life of the defendant, is to be deposited with the Clerk of the Common Pleas Court of Miami County and held by him until the order of this court has been complied with and in the interim the defendant is enjoined from assigning or transferring any interest in said policy and from changing the beneficiary therein, with the exception, that, if defendant desires to borrow money upon the policy in sufficient sum to pay the deferred installments of support money, he is authorized so to do.

Considerable comment is directed in the briefs to the right of the court to consider the cash value of the Life Insurance Policy in fixing the value of the property to be divided. We are satisfied that there is no substantial question as to this right and that it is an asset which may properly be held to be the result of the joint efforts of the parties.

Counsel for plaintiff insist that the amount of money which has been paid to her under the order of this court should not be deducted from the share awarded to her.

To accept this viewpoint would require the court to say that the plaintiff was entitled to an award of alimony. This would be an illogical and inconsistent position. The defendant having been awarded the decree of divorce, the right of the plaintiff to alimony, temporary or permanent, ceased as of the date of the decree. So that, the only appropriate order would be to deduct this sum from the total amount awarded plaintiff. It was proper that this court make such an order, because it made available to the plaintiff a sum of money which would provide support for her and would preclude any question of prejudice to her

rights by accepting the avails of the decree of the Common Pleas Court.

This Court's order will be transmitted to the Common Pleas Court for execution there. Judgment accordingly.

GEIGER, PJ., BARNES & HORNBECK, JJ., concur.