OPINION
BY THE COURT:
The application for rehearing will be denied.
Also submitted on motion of appellant for allowance of support money pending her appeal and for counsel fees incident thereto. This motion was filed soon after perfection of the appeal, but no action was taken respecting it until after the decision was handed down upon the appeal upon the merits. Notwithstanding the fact that the motion was not urged prior to our opinion, the Court did, before its release, give consideration to the fact that support money and counsel fees might later be urged. The amount fixed in the decision represents the sum total by which the judgment in the lower court should be increased, and it is and was our purpose to make no other or further allowances for support money or attorneys’ fees in this Court.
We recognized the further question as to our authority to make an allowance for alimony pendente lite, or support money or attorneys’ fees. Counsel for appellee elected to file no brief upon the application of defendant for allowance and attorneys’ fees and the Court directed the attention of one of counsel for apellant to the question and a comprehensive and helpful brief has been proffered on behalf of the appellant.
Inasmuch as we have considered the right of appellant if we had the authority to award support money arid attorneys’ fees, the question becomes moot, although we are in serious doubt as to our authority or right to make the award requested.
Divorce and alimony are creatures of statute. In this ease a decree of divorce was granted to the plaintiff, thus precluding any allowance by way of alimony under the statute to the defendant. This judgment was not suspended or vacated by the appeal. So that the status of the defendant here is not as it would have been in the trial court at any time prior to judgment. In this Court the decree of divorce was not disturbed; there was no opening up of the judgment as to divorce and alimony in any particular. The statutory basis for an allowance of alimony in any form was non-existent.
A closer question arises as to the right to fix attorneys’ fees on the modification of the order fixing the property rights of defendant. It may be that the Court has some broad inherent power to add to the property award an allowance for counsel fees. This is doubtful. It is probable that it is the theory of the law that the Court make full provision for equitable division of the property of the parties and that from this property each party pay his own expense of the litigation.
*518 *517 Our attention is called to §11994 *518 GC, as supporting our right to make the allowance requested. We have held that this section does not have application in a review on error. Reibel v Reibel, 15 Abs 254; see also Rockhold v Rockhold, 11 Abs 399; Pearson v Pearson, 35 Abs 488.
The motion for additional support money for defendant and allowance of further counsel fees Will be overruled.
GEIGER, PJ., BARNES, J., and HORNBECK, J., concur.