DANN, APPELLANT, *v.* DANN, APPELLEE.

(No. 484—Decided November 16, 1942.)

*Mr. Clifford F. Brown,* for appellant.
*Messrs. Carpenter & Freeman,* for appellee.

Overmyer, J. This action was begun by Nora Dann in Common Pleas Court seeking a judgment for per-manent alimony for herself, attorney fees and costs, against her husband Arthur Dann, the parties having been for some time separated. The defendant filed a cross-petition asking for divorce.

Temporary alimony was ordered paid by the de-fendant, contempt proceedings were had, but on final hearing the court denied plaintiff's prayer for per-manent alimony and attorney fees, denied the defend-ant's prayer for divorce, ordered the petition, the an-swer and cross-petition dismissed, and assessed costs against the defendant. The court denied plaintiff's motion for allowance of attorney fees.

From the judgment the plaintiff has appealed to this court and, pending such appeal, has filed a motion in this court, which has been submitted, asking this court to order defendant to pay alimony and support to the plaintiff during the pendency of the appeal, and that such allowance include a certain specified sum as attorney fees and the costs of preparation of tran-script of testimony for use on appeal, and a specified amount per week for her support.

The motion was filed and the argument for it made under the claimed authority of Section 11994, General Code. That statute is on the subject "alimony and allowance *pendente lite*," and the pertinent part pro-vides:

"* * * When an appeal is taken by either party to the Court of Appeals, that court, or a judge thereof in vacation, may grant like alimony and support dur-ing the pendency of the appeal, upon like notice."

A number of appellate court decisions have been cited in the briefs, some of them conflicting, on the question here presented, among them *Calhoun* v. *Cal-*

*houn,* 29 Ohio Law Abs., 670; *Pearson* v. *Pearson,* 35 Ohio Law Abs., 488, 41 N. E. (2d), 725; *Rockhold* v. *Rockhold,* 11 Ohio Law Abs., 399; *Riebel* v. *Riebel,* 15 Ohio Law Abs., 254.

We have examined all the cases and have given the question our independent consideration and it is our view that the decision in the *Rockhold case, supra,* is the correct interpretation, and we shall follow it. We do not think the so-called new Appellate Procedure Act (Section 12223-1 *et seq.,* General Code) in its definition of the word "appeal," by implication amended Section 11994, General Code, to change the meaning of that word from what it had formerly been, that is, an "appeal" with trial *de novo* in the reviewing court. In the constitutional amendments of 1912 (Section 6, Article IV), the Court of Appeals was not given the power to hear divorce and alimony cases except on review by error proceedings.

The Common Pleas Court having made final disposition of the litigation between the parties, the remedy under present procedure for the complaining party is an appeal on questions of law, which plaintiff is pursuing. In the Common Pleas Court she was refused alimony on final hearing, presumably upon good and sufficient grounds. This will be determined upon the hearing in this court on the merits, and this court sitting in this case as a court of law in such error appeal, has no authority to entertain a motion for temporary alimony pending the error appeal, as could a court on appeal and trial *de novo* under former procedure.

*Motion denied.*

Lloyd and Carpenter, JJ., concur.