**DAVIS, Plaintiff-Appellant v. DAVIS et, Defendants-Appellees.**

Ohio Appeals, Second District, Franklin County

No. 3641. Decided July 29, 1943

Druggan & Gingher, Columbus, for plaintiff-appellant.

Robert L. Barton, Columbus, John J. Chester, Jr., Columbus, and T. M. Potter, New Lexington, for defendants-appellees.

**OPINION**

By BARNES, P. J.

The above-entitled cause is now being determined on motion of plaintiff-appellant for temporary alimony for her sustenance during the pendency of this appeal and her expenses in its prosecution.

The action originated in the Court of Common Pleas, Division of Domestic Relations, Franklin County, Ohio, and was one for alimony with ancillary relief. The judgment was for the plaintiff in a substantial amount.

The trial court did not allow temporary alimony for the reason that the application was not called up for determination before the final hearing and for the further reason that the Court took into consideration the expense of litigation and so forth in making its final alimony award.

Plaintiff being dissatisfied with the amount of the judgment gave notice of appeal on questions of law and thus lodged the cause in our Court. Shortly thereafter, counsel for plaintiff filed the motion for temporary alimony. At the time the motion was assigned for hearing counsel for appellant were advised that our Court had decided the case of **Riebel v Riebel, 15 Abs 254,** holding that we did not have jurisdiction to award temporary alimony in an error proceeding. Counsel now urge that the decision in the Riebel case was erroneous and further that even if correctly decided, it should not be held applicable at the present time by reason of a new procedural act. The application for temporary alimony is asserted to be authorized under §11994 GC, the last paragraph of which reads as follows:

"When an appeal is taken by either party to the court of appeals, that court, or a judge thereof in vacation, may grant

like alimony and support during the pendency of the appeal, upon like notice."

In the Riebel case, supra, we determined that this section of the Code was not applicable due to the fact that it was a very old section enacted prior to the 1912 Constitution when the prescribed method of carrying cases up for review was by de novo appeals.

Since the Constitution of 1912, it has been repeatedly and inferentially determined that alimony actions are not appealable for determination de novo. For further understanding of our reasoning it is necessary to read the entire opinion in the Riebel case.

On January 6th, 1932, the Court of Appeals of the First District, in the case of **Rockhold v Rockhold (11 Abs 399)** arrived at the same conclusion as did our Court and specifically held that the above quoted portion of §11994, through the adoption of the 1912 Constitution, becomes unconstitutional.

Counsel for appellant in urging the incorrectness of our decision in the Riebel case make reference to §12002 GC, and further earnestly urge that the word "appeal" in both §§11994 and 12002 GC would have the same meaning.

We think we can very readily agree to this proposition, but fail to understand where counsel for appellant gain any comfort from this argument. In substance, §12002 provides that no appeal shall be allowed from a judgment granting a divorce, and where the judgment rendered was both for divorce and alimony, the appeal will lie only to so much of the judgment as relates to the alimony.

This section like §11994 was very old and was enacted prior to the constitutional amendment of 1912. In both sections the appeal referred to was a de novo appeal. Forrowing through in appellant's argument, it is the equivalent of saying that the word "appeal" as used in §12002 GC, could be construed to mean a proceeding in error. Of course, if this argument be adopted, then the section would be construed to read that no proceeding in error could be presented to reverse a judgment for divorce.

Search of the digest will disclose that the courts have held directly opposite.

Since the 1912 Constitution, the rule of law has been firmly established that judgments for divorce may be reversed the same as any other judgments through proceedings in error.

We make reference to **Vol. 14 O. Jur.**, under the subject "Divorce and Separation", Section 62, **page 452:**

"But under the Constitution of 1912, it is well established that judgments and decrees rendered by courts of common pleas in divorce cases may be reviewed on error by the courts of appeals, and this includes the decrees granting the decree as well as those refusing it."

Under Note 7, several decisions of the Ohio Court are cited upon which the above text was founded.

We are also referred to §1258-2 GC, under Chap. 19, relating to State Department of Health, wherein it is provided that certain orders shall be reversed, vacated or modified by the Supreme Court on appeal. It is not claimed that the last section above named has any relation to the section and provisions relating to alimony and divorce, but it is argument and reasoning by analogy. A careful examination of the history of the section will disclose the fallacy of this argument.

**Section 1258-2 GC,** was first enacted in 1919, and therein the provision for review was by petition in error. The section was amended in 1935 as a part of the new procedural act and therein the words "petition in error" were changed to "appeal". This was nothing more than conforming to the language of the general provision of the act.

We are also referred to the case of **Agricultural Society v. Walker, 34 Oh Ap, 558,** wherein it is provided that the word "appeal" used under paragraph 4 of §11,894 GC, is synonomous with the word "error".

The word "appeal" under paragraph 4 of the above section is used under entirely different circumstances and has no reference to conferring rights of appeal. We have not gone to the trouble of tracing the history of this section; it might or might not provide further explanation.

We still adhere to our reasoning advanced in the case of Riebel v. Riebel. The new procedural act does not change the rule. Therefore, the application for temporary alimony will be denied. We do not discuss or pass on the question as to whether or not we would grant the application if we held differently on the jurisdictional question.

We are deciding the case wholly as a procedural question.

HORNBECK and GEIGER, JJ, concurring.