DUNCAN, APPELLEE, *v.* DUNCAN ET AL., APPELLANTS.

(No. 1212—Decided June 21, 1950.)

*Mr. Dan K. Cook,* for appellee.
*Mr. Virgil C. Burgett,* for appellants.

HUNSICKER, P. J.  In this appeal on questions of law, the facts are that: Catherine Duncan filed an action for divorce and alimony in the Common Pleas Court of Lorain County, Ohio, against James Duncan, D. R. Goldthorpe as guardian of James Duncan, and John B. Moyes; James Duncan, an adult person, had been declared an incompetent prior to a ceremonial marriage with Catherine Duncan; D. R. Goldthorpe, as guardian of James Duncan, filed an answer and cross-petition to the petition of Catherine Duncan, in which cross-petition the guardian claimed his ward, James Duncan, was, at the time of such ceremonial marriage, of unsound mind and incapable of entering into a valid contract of marriage.

Upon motion of counsel for Catherine Duncan, this cross-petition was ordered stricken from the files, to which exception was duly taken.  Upon a hearing had on the divorce petition, a judgment for divorce and alimony was awarded Catherine Duncan.  It is from such judgment, and the judgment striking the cross-

petition from the files, that an appeal by Duncan and his said guardian is before this court.

The question determinative of this appeal is: May the guardian of the incompetent (James L. Duncan) maintain, by way of a cross-petition, without the consent of his ward, an action for annulment of a claimed marriage which the ward contracted during the period when said ward was under guardianship?

Section 10507-1, General Code, defines an "incompetent" as follows:

"The term 'incompetent' means any person, who by reason of advanced age, improvidence, or mental or physical disability or infirmity, is incapable of taking proper care of himself or of his property or neglects or fails to provide for his family or for other persons for whom he is charged by law to provide."

A collection of authorities on the question before us concerning the right of a guardian to maintain an action for annulment of a marriage entered into by his ward is found in 70 A. L. R., 965, and 149 A. L. R., 1288. The majority view upholds the right of the guardian to maintain such action. See, also, *Waymire, Gdn.,* v. *Jetmore,* 22 Ohio St., 271. Insanity as a Ground for Annulment, etc., 29 Virginia Law Review, 771.

There are no statutory grounds for annulment in Ohio. Such action is cognizable only in a court of equity.

We determine that:

1. An action for the annulment of a ceremonial marriage may be asserted by way of cross-petition to an action for divorce.

2. Such action, in equity, may be brought by the guardian of a ward who has been declared to be an incompetent person under the statutes of the state.

3. The trial court erred in dismissing, upon motion and prior to a hearing on the merits, the said cross-petition.

It appears that, under the circumstances set forth in this record, it was the duty of the trial court to first hear the action in equity set forth in the cross-petition, for the purpose of determining whether a valid marriage ever came into being. If the court should find that the marriage was void *ab initio*, then the petition for divorce of necessity would be dismissed, for the reason that relief in a divorce action is predicated upon a valid marriage. If the trial court should find that a ground for annulment had not been established, then it would be the court's duty to proceed further and hear and determine the action for divorce.

It is the duty of the guardian to not only defend his ward in the divorce action, but to institute an action for annulment if, in his best judgment, such litigation is necessary to preserve the personal and property rights of his ward.

The motion for temporary alimony addressed to this court by appellee, Catherine Duncan, is overruled. See *Dann* v. *Dann,* 71 Ohio App., 110, 48 N. E. (2d), 140; *Swartz* v. *Swartz,* No. 820, Court of Appeals for Summit County, decided Oct. 12, 1923 (unreported).

We have examined all other claimed errors, and find none prejudicial.

The judgment of the trial court is reversed, and the cause is remanded to the Common Pleas Court of Lorain County, Ohio, for a new trial.

*Judgment reversed.*

DOYLE and GUERNSEY, JJ., concur.

GUERNSEY, P. J., of the Third Appellate District, sitting by designation in the Ninth Appellate District.