**WARD, Plaintiff-Appellee, v. WARD, Defendant-Appellant.**

Ohio Appeals, Second District, Montgomery County.

No. 2357.   Decided April 20, 1956.

Wasserman & Talbot, Dayton, By Jesse Jennings, of Counsel, for plaintiff-Appellee.

Routzohn, Routzohn & Kuhns, Dayton, By Norman E. Routzohn, of Counsel, for defendant-appellant.

(CONN and DEEDS, JJ, of the Sixth District, sitting by designation in the Second District.)

## OPINION

By HORNBECK, J:

The decree in this case, of date September 26, 1935, insofar as pertinent to the errors assigned on this appeal, is:

"Defendant shall pay plaintiff as alimony the sum of Twenty Dollars ($20.00) per month * * *."

"As to the amount to be paid to plaintiff, the sum ordered is deemed to be reasonable, and is to be the order of this court **unless the financial status of the plaintiff is changed to warrant the Court's modification of this order.**" (Emphasis ours.)

Evidently, the word "alimony" is used in the order as meaning support. These terms are frequently used interchangeably.

The motion for a modification by increase of the support order set forth three reasons: (1) that defendant's financial circumstances have improved greatly since the original decree; (2) plaintiff is now in ill health and unable to support herself, and (3) the general decrease in the value of money has caused the original allowance to become totally inadequate.

Appellant assigns as error the claim that the trial judge improperly based his order fixing the monthly payments for support at $40.00 instead of $20.00 on a finding that defendant's financial circumstances had improved since the original order. We agree that such a finding would not alone support the decree.

Generally, support orders are subject to modification upon showing of changed conditions unless the court in the original decree has exhausted its jurisdiction in the order as made. Here, the trial judge originally had the authority to fix and define the amount of the "alimony" (support), the terms and conditions thereof. The one basic condition upon which the alimony order could be modified is a change of financial status of plaintiff.

The support money order was final but for the reserved exception. **Petersine v. Thomas, 28 Oh St 596; Garver v. Garver, 102 Oh St 443; Clough v. Long, 8 Oh Ap 420.**

The judge who heard the motion to modify recognized the condition which should obtain to justify an increase. Page 14 of the record:

"Court: It seems to me that you have predicated your motion on the fact that her financial status is different than it was at the time of the decree.

"Mr. Jennings: By virtue of the fact that she is now ill and unable to support herself."

The court also shows a full appreciation of the purpose of the testimony tending to prove that defendant's financial status had improved. I age 94 of the record: Defendant on the stand for cross-examination:

"Q. (by counsel for plaintiff): What was your approximate income for 1953?

"Objection and statements of counsel.

"Court: I think the decree recites that the court would have the right to modify depending upon the financial condition of the plaintiff. **and if it be shown that a condition has arisen where the modification is in order, I believe that the court would have a right to consider the ability of the defendant to stand any modification and for that reason it might be pertinent."** (Emphasis ours.)

The court overruled the objection.

The evidence develops that during the 18 years succeeding the original support order plaintiff had earned and received from other sources rather substantial sums of money. Whether or not she had been provident in the use and control of these funds might be arguable. However, this was not the test which the court had to apply in determining whether or not the order should be modified. It was her financial status at the time that the motion to modify was filed.

Upon the plaintiff's testimony that she was, and had been for some time prior to the hearing on the motion, ill and unable to work, and upon the professional statements of several doctors whom she had consulted, the court had full right to find with the plaintiff and that her total income including the $20.00 per month that defendant was to pay her for her support was $140.00 per month.

It is true, as contended by appellant, that there is room for controversy upon the statements of the doctors as to the nature and extent of plaintiff's disability and, happily, if they are correct, it may not be as serious as she believes it to be. But that she is sick and unable to work is probable from the medical testimony.

Objection is made to the consideration by the court of the devaluation of the dollar in arriving at the amount of the increase. It is obvious that the amount now ordered to be paid is no greater in purchasing power than the sum originally fixed. If that order had not been left open for modification then the change in the value of the dollar would not in and of itself justify the modification. Upon the situation here presented, it was proper for the court to consider it, but it is indeed doubtful upon the amount fixed if its consideration could in any view prejudice the defendant inasmuch as there has not been, in fact, any increase in purchasing power by the amount of the support order.

A full consideration of all the errors assigned, in the light of the proof made upon the record, is convincing that no error assigned is well made, and that the trial judge acted within the terms of the original order in making the modification.

The judgment will be affirmed.

CONN and DEEDS, JJ, concur.

No. 2357.   Decided June 8, 1956.

**OPINION**
By THE COURT:
Submitted on motion of plaintiff-appellee "for an order for alimony pendente lite as and for expenses of suit in defending appellant's appeal." Supporting the application an affidavit is filed wherein it appears that plaintiff incurred attorney's fees in the Common Pleas Court in the amount of $200.00, traveling expenses of $145.55 and other expenses in the sum of $20.00 and that a reasonable attorney fee for defending the appeal would be $250.00.

Appellant opposing the motion cites **Riekel v. Riekel, 15 Abs 254**, and **Davis v. Davis, 41 Abs 189**, and appellee cites **Sciacca v. Sciacca, 69 Abs 513**. All of the cited cases were decided by this Court. The Sciacca case distinguishes the Riekel and Davis cases, and holds that §8003-15 GC (now §3105.14 R. C.) has application to appeals as defined in the Appellate Code, §12223-1 et seq, GC, now §2505.01 et seq, R. C. The facts in the Sciacca case differ materially from those presented on this appeal.

The immediate question for our consideration is whether the section, now having application to appeals on questions of law, authorizes the granting of the motion on the facts in this case.

On the appeal we have held that by the original decree the Common Pleas Court retained jurisdiction to modify the support award to plaintiff and that the modification, as made, was proper

Appellee, the successful party in the trial court, was by the appeal to this Court required to defend, and in so doing incurred obligation to pay counsel who represented her.

The statute §3105.14 R. C., insofar as pertinent, reads:

"* * *, the court of common pleas, * * * may grant alimony to either of the parties for his sustenance and expenses during the suit * * *. When an appeal is taken by either party the court of appeals or a judge thereof in vacation may grant like alimony and support during the pendency of the appeal upon like notice."

No case in Ohio involving the application of this statute to a modifi-

412

cation of an award for support money is cited, and we find none. Substantially, the same situation appeared in the case of Smith v. Smith ¹Mo.), 132 S. W. 312. The court there held that

"Where a divorce decree gave the custody of the children to plaintiff until further order of the court, and also required defendant to pay plaintiff $75 a month alimony until otherwise ordered, and defendant ¹hereafter applied for modification to obtain the custody of the children, and to be relieved from the payment of alimony, the suit for divorce would be regarded as 'still pending' within such section, and the court was therefore authorized to grant plaintiff's application for temporary alimony and suit money to enable her to defend against such application."

The opinion cites a number of cases supporting the judgment.

We hold that the original action between the parties is pending within contemplation of the statute, §3105.14 R. C.

We consider only the reasonable expenses incurred by appellee on her appeal and fix the amount of such expense at $200.00 for appellee, representative of her attorney fees in this Court.

HORNBECK, CONN and DEEDS, JJ, concur.