BENDER, APPELLEE, *v.* VAUGHAN, APPELLANT, ET AL., APPELLEE.
VAUGHAN, APPELLANT, *v.* VAUGHAN, APPELLEE.

(Nos. 828 and 829—Decided March 3, 1958.)

*Messrs. Bowman, Hanna & Middleton,* for appellant in case No. 828.

*Messrs. Adams & Bechtel,* for appellant in case No. 829.

FESS, J.  Appeal in case No. 828 is taken by defendant Ray B. Vaughan on questions of law and fact (reduced to appeal on questions of law only) from a judgment entered on behalf of the defendant Dorothy G. Vaughan.  Appeal in case No. 829 is taken by Dorothy G. Vaughan on questions of law from a judgment entered in favor of the defendant Ray B. Vaughan reforming a former judgment entered on May 16, 1956, granting the plaintiff a divorce and making a division of property between the parties and awarding permanent alimony to plaintiff.

In 1949, Mr. and Mrs. Vaughan entered into a verbal contract with one E. R. Haines, a contractor, to remodel their residence upon a sixty-acre tract of land jointly owned by them. Upon the failure of the Vaughans to pay his account for such services, on June 19, 1950, Mr. Haines recorded an affidavit for mechanic's lien in the sum of $9,060.16.  Although the work pursuant to the contract was completed on or about June 4, 1949, under the mistaken conception that he could keep his right to a lien alive, Haines undertook to make more or less minor or cur-

sory repairs to the premises every sixty days after completion of his contract without making any additional charge therefor on the account. In addition to the failure of Haines to file his affidavit for lien within sixty days, the lien was wholly defective in other respects, and the court properly found and determined that it was invalid.

Subsequent to the recording of the alleged lien, the defendant Ray Vaughan made the following payments to Haines on the account:

|                    |            |
|--------------------|------------|
| December 8, 1950   | $1,750.00  |
| May 12, 1955       | 2,500.00   |
| May 17, 1955       | 1,000.00   |
| October 14, 1955   | 1,250.00   |

thereby reducing the account to a balance of $5,203.13.[1]

Mrs. Vaughan filed her action for divorce on September 19, 1955. The judgment in the divorce case entered May 16, 1956, awarded the north forty acres of the real estate, together with certain personal property, to the husband subject to his payment of certain specified obligations and awarded to the wife the south twenty acres of the tract upon which the residence was situated, the applicable portion of the judgment reciting:

"On careful consideration the court does award to plaintiff, as alimony, the undivided one-half (½) interest of the defendant, Ray B. Vaughan, in and to the south twenty (20) acres of the south sixty (60) acres of the west one-half (½) of the south west quarter (¼) of Section 29, Township 5 North, Range 11 East, Center Township, Wood County, Ohio, to be hers absolutely and in fee simple, subject to the liability of the plaintiff for payment by the plaintiff of the following liens of record, to wit:

"Mortgage of record of The Bank of Wood County Company in the amount of $2,000.00; mechanic's lien of record of E. R. Haines in the amount of $5,203.13; personal property tax lien of record in the amount of $1,096.12; and taxes and assessments on said tract of 20 acres for the year 1955. It is further ordered that plaintiff retain her right, title and interest in and

---

[1] The record does not disclose why there remained a balance due of $5,203.13 after Vaughan's payments of $6,500, but it is conceded that $5,203.13 is the correct amount of the balance then due on the account.

to the other undivided one-half (½) interest in said described property now owned by her, as her own property in fee simple. It is further ordered, adjudged and decreed by the court that the plaintiff be awarded as alimony all of the buildings, outbuildings and structures on said tract of 20 acres, together with all hereditaments and appurtenances thereunto belonging and plaintiff is awarded the immediate and exclusive possession thereof and plaintiff shall have, own and possess all of said described property in fee simple, free from any and all right, title or interest of the defendant therein.''

On February 16, 1956, for value received, Haines assigned of record the balance due upon his purported mechanic's lien, $5,203.13, to Henry Bender, and on February 28, 1956, Bender filed the instant action upon the account and for foreclosure of the lien against Ray B. Vaughan and Dorothy G. Vaughan, also joining as parties defendant the Bank of Wood County and the Ohio Tax Commission. On January 5, 1957, Ray Vaughan filed a motion reciting that the mechanic's lien sued upon had been assigned by the plaintiff to Ray Vaughan who in turn had deposited the same with the Cygnet Savings Bank as collateral for a loan at said bank and moved for an order substituting Ray Vaughan as plaintiff in the action. No action was had upon this motion.

Mrs. Vaughan interposed three defenses to the action:

1. That the purported mechanic's lien was void.

2. That the assignment of the balance due on the account by Haines to Bender had not been recorded as provided by the provisions of Section 1325.01 *et seq.*, Revised Code, and that under the provisions of Section 1325.04 (A), Revised Code, the assignment was void as against all persons (including Mrs. Vaughan) other than Haines.[2]

3. That the action is barred by the statute of limitations, not

---

[2]Section 1325.04 (A), Revised Code (Recodification Act of 1953), provided:

"(A) A written assignment for value, signed by the assignor, becomes protected at the time the assignee, having previously or contemporaneously filed a notice of assignment, takes such assignment during the effective period of the notice. It remains protected only while a notice of assignment, a renewal, or continuance is effective. An assignment not so protected is valid between assignor and assignee but is wholly void as against all other persons."

having been brought within six years after the cause therefor accrued. Section 2305.07, Revised Code.

We agree with the finding and conclusion of the trial court that the purported mechanic's lien is void and unenforceable. *Crandall* v. *Irwin*, 139 Ohio St., 253, 39 N. E. (2d), 608, 139 A. L. R., 895.

We recognize that a literal interpretation of the provisions of Chapter 1325 of the Revised Code would lead to the conclusion that the failure of Haines, Bender and Vaughan to record their respective assignments of the account receivable would make it unenforceable even as against the account debtor. But we doubt whether it was the intention of the General Assembly to relieve the account debtor of his liability to his creditor or the latter's assignee.

Chapter 1325 of the Ohio Revised Code is of comparatively recent origin. The financing of accounts receivable on a non-notification basis developed in response to need for working capital incident to the performance of contracts. In the employment of this method of financing, accounts were frequently assigned as security for loans upon the mutual understanding between the assignor and the assignee that the account debtor would not be notified of the assignment. Usually, the borrower was entrusted with the collection of the accounts assigned by him. But secrecy as between the assignor and assignee entailed certain risks, including the possibility of duplicate subsequent assignments.

The uncertainties of the rights among successive assignees of the same accounts became acute as a result of the enactment of the 1938 amendment to the Bankruptcy Act, Section 96 (a), Title 11, U. S. Code, defining the protection of transfers in relation to their perfection against rights of bona fide purchasers. Apparently, as a result of the amendment of the Bankruptcy Act, the original act to regulate the assignment of accounts receivable by providing for the filing and indexing of an affidavit setting forth the intention of the transferor to assign the same and by prescribing the form and the effect of the assignment thereof was enacted in 1941. 119 Ohio Laws, 850, Section 8509-3 *et seq.*, General Code.

The apprehension concerning the effect of the amendment

proved to be not unfounded. In 1943, the United States Supreme Court in *Corn Exchange National Bank & Trust Co. v. Klauder, Trustee,* 318 U. S., 434, 87 L. Ed., 884, 63 S. Ct., 679, 144 A. L. R., 1189, construed the amendment to mean that a transfer of property was not perfected as to the trustee in bankruptcy until such time when no creditor or bona fide purchaser from the debtor could thereafter have acquired any rights to the property transferred superior to those of the transferee. The effect of the Klauder decision was to add another substantial risk to the business of non-notification financing, wherein the assignee stood in constant danger of losing his security to a trustee in bankruptcy. As a result, remedial legislation sponsored by the banking interests was enacted in some thirty-six states. The three principal types of statutes enacted were validation, book-marking, and recording statutes as in the case of Ohio.

In 1950, in *Wells* v. *Place,* 58 Ohio Law Abs., 582, 92 F. Supp., 473, it was held that the 1941 Act, unlike other Ohio recordation acts protecting creditors, had no language of voidability and was positive rather than negative in structure and was indicative that the Legislature was concerned only with the problem of priority among successive assignees and not with the protection of creditors. Therefore, it was held that the failure to record an assignment of an account receivable in the manner prescribed by the 1941 Act, did not open the assignment to attack by either an existing or a subsequent creditor. Presumably as a result of the Wells decision, in 1953 the 1941 Act was materially amended into substantially its present form, including the sentence specifically providing that an assignment not so protected is valid between assignor and assignee, but is wholly void as against all other persons.[3]

As observed by the court in the *Wells case,* likewise the terminology employed in the 1953 amendments does not follow

---

[3]Possibly the sponsors of the 1953 Act, in their zeal to overrule the *Wells case* and put teeth into the act, sharpened such teeth beyond the exigencies of the situation. Effective September 7, 1957 (127 Ohio Laws, 148), Section 1325.04, Revised Code, was again amended by providing "An assignment of an account receivable made to an assignee not so protected is valid between assignor and assignee but is wholly void as against all other persons."

the pattern of other recording statutes protecting the recorder of other instruments against unrecorded claims. Instead of according in specific terms protection to a "protected assignee" the statute unwittingly states that an unprotected assignment is valid between the assignor and the assignee but wholly void against all other persons. We are loath to subject ourselves to the charge of engaging in judicial legislation, but nevertheless we are unable to conceive that by the enactment of the sentence in question it was intended to relieve an account debtor from the obligation to pay the account merely because an assignment of such account has not been recorded.

Was recovery against Mrs. Vaughan barred by the statute of limitations? She was jointly liable with her husband on the contract as well as on the account. She was aware of this liability and the payments which her husband had made on the account prior to the divorce. Such payments would toll the running of the statute as against Mr. Vaughan. It seems to be the law in Ohio that payment by a codebtor does not prevent the running of the statute as to the other debtor. Cf. *Vose* v. *Woodford*, 29 Ohio St., 245; *Hance, Exr.,* v. *Hair*, 25 Ohio St., 349; *Keel, Exr.,* v. *Rudisell*, 13 C. C., 199, 7 C. D., 464; *Coffey* v. *Calhoon*, 20 Ohio App., 515; *State, ex rel. Squire*, v. *Winch*, 66 Ohio App., 221, 32 N. E. (2d), 569; 25 Ohio Jurisprudence, 614. On the other hand, there is authority for the proposition that where a husband and wife have executed a mortgage note, that a payment or acknowledgment of the note by the husband, although without the wife's consent or knowledge, will toll the statute on the mortgage as to the wife. *Hansen, Admr.,* v. *Branner*, 52 N. D., 892, 204 N. W., 856, 41 A. L. R., 814; *Skinner* v. *Moore*, 64 Kan., 360, 67 P., 827, 91 Am. St. Rep., 244; 34 American Jurisprudence, 276. Contra: *Addison* v. *Stafford*, 183 Wash,. 313, 48 P. (2d), 202. See, also, *Frost* v. *Johnson*, 140 Ohio St., 315, 43 N. E. (2d), 277, 142 A. L. R., 609, holding that a payment by a subsequent grantee on a mortgage indebtedness assumed by him does not toll the statute as to the mortgagor when the latter neither participates in nor has knowledge thereof. In jurisdictions where payment by one joint obligor binds the other, the statute is tolled as to the wife by a payment on the part of the husband, without regard to her authorization of

such payment. 54 Corpus Juris Secundum, 442. As heretofore indicated, the prevailing rule in Ohio is that payment by one joint obligor does not bind the other with respect to the running of the statute.

Nevertheless, there seems to be an exception to the general rule that payment by one codebtor does not bind the others where the making of the payment has been authorized by the others. So, where the payment is made by the one to whom the creditor has been referred for payment by the other, or on request of, by direction of, or under an express agreement with, the other, or with the knowledge and consent or subsequent ratification of the other or as his agent, it will toll the statute as to the other. 54 Corpus Juris Secundum, 444. In the instant case, the evidence tends to show that Mrs. Vaughan was concerned over their failure to pay Haines' account and urged her husband to make further efforts to pay it. She also requested Haines to defer legal action until such time as she might be able to arrange finances at the Cygnet Bank. She complained to Haines of her husband's failure to meet the account. Thus we have a situation where Mrs. Vaughan did not merely acquiesce in and receive the benefits of the payments which her husband made on the account, but actively participated in urging him to make such payments. It is therefore concluded that the right of action against Mrs. Vaughan upon the balance due upon the Haines' account is not barred by the statute of limitations.

There is a further phase of this unfortunate controversy which merits comment. When there came a parting of their ways and Mrs. Vaughan obtained the divorce by reason of the aggression of her husband, she was awarded by way of alimony the more valuable share of the real estate subject to the lien of the mortgage, the purported mechanic's lien, and taxes. Although the decree in specific terms did not order her to pay them, there can be no doubt that it was the intention of the parties, as well as of the court, that Mrs. Vaughan should be obligated to pay these items. At least, they constituted clouds on the title to the premises awarded her as well as the remainder awarded to her husband. The payment of these claims could have been enforced against husband and wife and their respec-

tive interests in the real estate. Although the decree could not itself be regarded as a written acknowledgment or promise to pay the account made and signed by the party to be charged, as contemplated by the provisions of Section 2305.08, Revised Code, it is obvious that under the terms of the decree it was intended that Mrs. Vaughan should pay the balance due on the Haines' account, whether it be open or secured by lien.

In case No. 828, judgment of the Common Pleas Court is reversed and the cause remanded for a new trial upon the same or such amended pleadings as may be filed with respect to the rights of the parties, if any, and for further proceedings upon the cross-petition of the Bank of Wood County.

In the opinion rendered by the Common Pleas Court in the *Bender case* it was intimated that to determine whether or not there had been a compliance with the provisions of the divorce decree might call for further proceedings in that case. Thereafter, the defendant, Ray B. Vaughan, filed in the divorce case a motion to reform the decree setting up the provisions of the decree and the finding that the mechanic's lien was null and void resulting in unjustly enriching the plaintiff, and praying for an order adjusting and redetermining the alimony and division of property between the parties, and seeking a lien upon plaintiff's property in the sum of $5,203.13. Plaintiff moved to dismiss this motion on the ground that the divorce judgment had become final and that the court had thereby lost jurisdiction to modify the judgment after term. At the hearing, over plaintiff's objection, the records and proceedings in the *Bender case* and the divorce case were proffered as evidence and admitted. Although the court could take judicial notice of the prior proceedings in the divorce case, *Ward* v. *Ward*, 90 Ohio App., 108, 103 N. E. (2d), 582, the testimony and proceedings in the *Bender case* were improperly admitted. There is no right to introduce testimony adduced at a former trial except in the instances and with strict compliance with the method provided by Section 2317.03, Revised Code.

The court overruled plaintiff's motion to dismiss defendant's motion, granted the latter motion, found that in accordance with the former orders of this court in the cause that the defendant was the sole owner of the lien, claim or account of

E. R. Haines in the sum of $5,203.13, and awarded the defendant a lien therefor upon plaintiff's premises. It is from this order that plaintiff appeals in case No. 829.

When alimony is allowed in gross and full payment thereof has been made, such allowance is recognized as a final adjudication of the rights of the parties and the court loses jurisdiction to modify the decree after term except on the grounds enumerated and in the manner specified by Section 2325.01 *et seq.*, Revised Code. *Clough* v. *Long*, 8 Ohio App., 420; *Ellis* v. *Ellis*, 94 Ohio App., 339, 115 N. E. (2d), 180. But where a divorce judgment contains provisions with respect to property rights *in futuro* or of an executory nature, the court entering such judgment impliedly reserves continuing jurisdiction to construe, enforce or implement the rights secured by such provisions by the entry of judgment ancillary in nature to enforce compliance with the terms of the original judgment. *Ellis* v. *Ellis, supra*; *Ward* v. *Ward*, 104 Ohio App., 105, 140 N. E. (2d), 906. But this principle does not authorize a modification of the judgment such as is sought in the instant case. At this juncture, we are not called upon to decide whether the defendant might or might not bring an independent action (Cf. *McEntire* v. *McEntire*, 107 Ohio St., 510, 140 N. E., 328; *Jelm* v. *Jelm*, 155 Ohio St., 226, 98 N. E. [2d], 401, brought under the statute to vacate for fraud), file a cross-petition in the *Bender case* or institute an appropriate proceeding in the divorce case, seeking a construction or implementation by way of enforcement of such rights as he might have as a result of the divorce judgment. In the light of defendant's counsel's statement that defendant had acquired the Haines' account for the purpose of foreclosing the purported Haines' lien and thereby respossess plaintiff's property, we do not prejudge whether (if any such proceeding by the defendant is equitable in nature) the maxim of clean hands might be applicable.

Judgment of the Common Pleas Court in case No. 829 is reversed. Motion of defendant to reform the divorce judgment is dismissed without prejudice to such further proceedings as may be brought by defendant.

*Judgments accordingly.*

DEEDS and SMITH, JJ., concur.