**STATE ex SQUIRE v WINCH et**

Ohio Appeals, 9th Dist, Summit Co

Decided December 6, 1939

Thomas J. Herbert, attorney general, Columbus; Fred E. Renkert, Akron, for appellant.

Carl M. Myers, Akron, for appellee Jennie B. Winch.

## OPINION

By WASHBURN, PJ.

The plaintiff (appellant) will be referred to as the bank, and the principal defendant (appellee) will be referred to as Mrs. Winch.

This is an action by the bank, which took a judgment on a cognovit note upon which, as a maker, the name of Mrs. Winch appears, together with the signature of her former husband, to set aside a conveyance of real estate made by Mrs. Winch to her sister, claiming that said conveyance was made to defraud creditors.

The transaction out of which the note grew was one between Mrs. Winch's former husband and the bank, and he deposited collateral security for the note, such security consisting of the note of a third person, secured by a second mortgage, and owned by said husband.

At the time the cognovit judgment was taken, the note on which judgment was taken was past due fifteen years and more.

Mrs. Winch set forth in her answer several defenses to the action, among which was the conduct of the bank in reference to its failure to attempt to realize on the collateral until all the makers and endorsers of the note became insolvent and the property securing the mortgage had so depreciated in value as to be worth less than the first mortgage thereon, and the assertion that there were other omissions and affirmative conduct on the part of the bank which constituted laches, and which it is claimed resulted in such a disadvantage to her that, to permit the bank to maintain the action, would accomplish an inequitable result.

From a consideration of all of the evidence in the record, it is the judgment of this court that the bank has been guilty of such conduct as, under all the circumstances shown, renders it inequitable to grant to the bank the relief sought in this action.

We shall refer to but one other matter shown by the record in this case, which fortifies us in the conclusion that the bank ought not to prevail in this action.

The basis for the bank's claim was a cognovit judgment entered against Mrs. Winch on July 27, 1936, upon the note heretofore mentioned, signed by her and her former husband, dated April 30, 1921, and due on demand.

On that note no payments were ever made by Mrs. Winch, a fact which is fully established by the record in this case; the payments which are endorsed on the note having been made from collections made by the bank on the aforesaid collateral of her former husband, a comaker of the note.

It therefore appears that, as to Mrs. Winch, said judgment was taken on the note more than fifteen years after the same became due, and if that be so, then the warrant of ▮▮▮▮▮▮▮ ▮ attorney by virtue of which the judgment was taken was, as to her, ineffectual to authorize a confession of judgment after the expiration of the statutory time for bringing such an action, which is fifteen years. 21 A. L. R., 774, annotation.

"Payment made by one of the makers of a joint, or a joint and several, promissory note will not prevent the running of the statute of limitations as to the other debtors, but applies only to the person making the payments. * * *" 25 **O. Jur., Limitation of Actions, §275.**

"A partial payment on a joint and several promissory note, by one of several makers, will not prevent the running of the statute of limitations as to the other makers." **Hance, Exr. v. Hair, 25 Oh St, 349.** See, also, **Marienthal v Mosler, 16 Oh St 566; Schmith v Coulton, 22 C. C. (N.S.) 174, 28 C. D. 622; Coffey v Calhoun, 20 Oh Ap 515, 152 N. E. 736.**

This matter was called to the attention of the court by the answer of Mrs. Winch, in which she pleaded that she had never made any payments upon the note, and that the judgment against her was taken more than fifteen years after the note became due.

In an action like this, we regard it as perfectly proper to make such a defense. The judgment was by confession upon a warrant of attorney contained in the note—a proceedings in which Mrs. Winch never had an opportunity to file an answer, and she proves in this case that the judgment was wholly unjustified, and therefore not a proper predicate for such an action as this.

In view of the conclusion heretofore indicated, it is unnecessary to pass upon the other claimed defenses.

A decree may be drawn finding for Mrs. Winch, dismissing the bank's petition.

Petition dismissed.

DOYLE and STEVENS, JJ., concur.