ROBERTS, APPELLANT, *v.* DAVIS, ADMR., APPELLEE.

(Decided November 29, 1940.)

Messrs. *Benesch, Marsteller, Friedlander & Morris* and Messrs. *Meyer, Johnson & Kincaid,* for appellant. Messrs. *Graham & Graham,* for appellee.

SHERICK, P. J. The matters under review concern in the first instance the securing of a judgment by confession on March 29, 1939, upon a warrant of attorney incorporated in a collateral promissory note. The parties therein stood in reverse order. In the second instance, the action is one by petition after term by the judgment debtor to vacate this judgment.

The note which has been reduced to judgment, bears date of January 1, 1920, for $7,676, with 6 per cent interest, payable on demand to Davis & Dilley. It is signed by the appellant. It therein pledged as collateral security "thirty-eight shares of the Dilley &

Davis Shoe Company stock ($50 par value per share),''
and ''authorized'' the payee-pledgee to sell without
notice and to apply the proceeds in payment of the
obligation. It authorized the confession of judgment
after the obligation became due, for the amount then
appearing due.

Four endorsements appear upon the back thereof.
The first two are credit notations totaling $1,060
made as of the date of the note's execution. The third
is as follows: ''Pay to the order of Frank Davis,''
signed, ''A. R. Dilley.'' This endorsement bears no
date. The fourth endorsement reads, ''6/2/27 int.
$100.''

The petition for vacation of the judgment admits
the note's execution and the payment thereon of the
$1,060. It denies any and all subsequent payments.
It avers that appellant was not summoned; that the
judgment was taken for more than the amount due;
and that he was not indebted thereon in any sum what-
soever. Appellant avers that on January 1, 1920, he
entered into an oral agreement with Davis and Dilley
to purchase a one-third interest in a shoe store for
$7,676; that he was installed as its manager; that he
never received this interest; that in August of 1920
he was discharged and ejected; that no settlement or
accounting was ever made with him; that the payees
then abandoned this contract of sale and its consider-
ation and the note was thereby cancelled and dis-
charged. It is specifically pleaded that the note is
barred by the statute of limitations.

The appellant at the same time tendered an answer
to the original cognovit petition, and thereafter an
amended answer which pleaded the facts appearing in
the petition to vacate; and that the shoe store business
on January 1, 1920, was a corporation known as The
Dilley & Davis Shoe Company, authorized capital 200
shares of the par value of $50 each; and that on Sep-
tember 20, 1920, Dilley and Davis caused the corpora-

tion to be dissolved; that its market stock value was then $45 per share; and that he, Roberts, was not credited with the value of the 38 hypothecated shares. It is next averred that in September of 1921, Dilley and Davis sold one-half of the shoe store to another party, and that they failed to give him credit on his note or to account to him in any sum.

The appellee answered to the petition to vacate and averred his representative capacity and admitted all facts which comported with his judgment and denied the petition's remaining averments. A hearing was had and the court refused to vacate the judgment but modified it by a remittitur in the sum of $1,710 with 6 per cent interest thereon from September 20, 1920, which appellee accepted. From this order appellant appeals.

The first claimed error is grounded upon the assertion that the trial court should never have entered the judgment in the first instance, for the reason that the note appeared upon its face to be barred by the statute of limitation; and, that the statute could be tolled only in accordance with some form of compliance provided by Section 11223, General Code, which recites:

"If payment has been made upon any demand founded on a contract, or a written acknowledgment thereof, or a promise to pay it has been made and signed by the party to be charged, an action may be brought thereon within the time herein limited, [Section 11221, General Code, fixes 15 years], after such payment, acknowledgment or promise."

Appellant asserts that even if the note did bear upon the back thereof the endorsement of "6/2/27 int. $100," that such fact in and of itself did not establish *prima facie* proof of actual payment, or that it was endorsed thereon at the time it purports to have been done, and that these matters could be established only by evidence *aliunde*.

It clearly appears from Section 11223, General Code,

that the bar erected by Section 11221, General Code, may be tolled two ways; by part payment, or by acknowledgment thereof or a promise to pay having been made and signed by the debtor. We are herein concerned only with part payment. It hardly needs assertion that an endorsement made by the holder of a note is not the equivalent of part payment. We recognize that there exists a line of respectable authorities which hold that endorsement is evidence of payment upon the theory that such notations made before the obligation is barred by lapse of time are declarations against interest which a creditor would not make when he then had a right and opportunity to collect his debt. To our notion this reasoning fails to recognize the possible human urge of one to protect his interests. One might be more than willing to lose a small portion of his claim rather than to lose it all. If such an endorsement was made after the statutory bar had set, it is the perpetration of a fraud. If made prior thereto, without actual payment, it is equally fraudulent. Many things might actuate one to forego collection of his debt within the period allowed by law, an example of which might be found where one's mother was a joint obligor. This rule encourages fraudulent practices.

Another list of respectable courts adopt the converse theory, that an endorsement when made by the obligee, is a self-serving declaration. It creates a memorial of his act and not that of the party to be charged. It has long been held that the makers of commercial paper must see to it that their payments are endorsed on the instrument, because in the hand of a subsequent innocent purchaser, the payors may be made to pay again. When a payee permits his paper to become outlawed, it is his procrastination that made the situation possible for he had the ability to enforce payment in time. His laxity engenders postponement of payment. In order that a holder's endorsement may toll the statute upon the theory of a presumption

of payment and a declaration against interest, it becomes necessary to cast the affirmative of an issue upon the one who should bear the negative. If the holder seeks to recover on paper which on its face is barred by the statute, it is far better that he should bear this burden. It is a cardinal rule of evidence that he who asserts must prove.

When the recipient of the power proceeded to confess judgment, it was evident that the note upon its face disclosed that the obligation was barred by the statute of limitations. By his act he confessed that a payment had been made thereon before the interposition of the statute. He in fact did but confess that the act of the then holder in placing the last endorsement on the back of the note was in truth evidence of part payment on the day named. The power of attorney contained within the note and upon which he acted contained no such power. It authorized an attorney to confess judgment in favor of the holder thereof, after maturity, for the amount then appearing due. It did not empower him to confess facts which would revitalize the obligation after it had become unenforcible. It permitted confession of the obligor's act, but it did not include power to confess that the subsequent acts of the then holder were likewise true. If such might be done, then an attorney under this form of power may waive the statutory bar to a note which upon its face is barred by the statute. It is axiomatic that powers of attorney are to be construed strictly against any enlargement thereof beyond the plain purport of the powers actually granted. It was testified to by the appellee, upon the hearing of the petition to vacate, that the endorsement "6/2/27 int. $100" was in the handwriting of the deceased partner, Davis. Had it been evidenced otherwise that this endorsement had been made by the maker, or by someone authorized by him, the answer as a matter of law would be different.

In *Keel, Exr.*, v. *Rudisell,* 13 C. C., 199, 7 C. D., 464, Section 4992, Revised Statutes, now Section 11223, General Code, was considered in a contested action upon a promissory note. That court reached the same conclusion with respect to a holder's endorsement on a barred note and the matter of its evidentiary value on the issue of part payment, as does this court. We perceive no difference in principle between that action and this proceeding. The note appearing in 59 A. L. R., 903, is worthy of careful perusal.

Upon the hearing for vacation, when it was evidenced by the judgment creditor, that the last endorsement on the note was the act of the then holder and not the obligor, it became crystal clear under paragraph 3 of Section 11631, General Code, that the judgment had been irregularly obtained, and the court should, as of its own motion, if for no other, have promptly vacated the judgment.

In view of the order hereinafter to be made and subsequent proceedings which must follow, we deem it expedient to answer appellant's further query as to whether the court erred in refusing admission in evidence of appellant's proffered testimony as to transactions and conversations had by him with the partners, Davis and Dilley, when all three were present. These matters of course preceded the death of Davis. We recognize that what we shall say is unnecessary to a determination of the matter in issue. It will be *obiter,* but nevertheless it is our judgment.

It was evidenced that Dilley was alive and in health and within the jurisdiction of the court. Appellant offered to testify to the truth of the averments of his petition and answer. The trial court considered that Roberts' mouth was closed by reason of the death of the partner, Davis, and the provision of Section 11495, General Code, paragraph 5 thereof has provoked ample discussion. We quote it in full:

"In an action or proceeding by or against a partner

or joint contractor, the adverse party shall not testify to transactions with, or admissions by, a partner or joint contractor since deceased, unless they were made in the presence of the surviving partner or joint contractor. This rule applies without regard to the character in which the parties sue or are sued."

In viewing this exception to the major rule of the statute, and having in mind the parties to this action and proceeding, it is apparent that an action by a deceased partner's personal representative is not specifically mentioned. The purpose of the statute is clear and unambiguous. It would close the mouth of one when the other party was unable to make denial at time of trial. It did, however, create an exception to the rule. For where the evidence of a surviving partner was available at time of trial, there lacked reason for the general rule, because the evidence of the opposite party might be readily controverted by him. Such is the situation encountered in this instance. We direct attention to the closing language of Section 11495, General Code, which reads:

"When a case is plainly within the reason and spirit of the next three preceding sections, though not within the strict letter, their principles shall be applied."

It is our conclusion that the parties to this suit are not within the strict letter of the statute. They are, however, within the reason and spirit of paragraph 5, and appellant's testimony should have been received.

It is the judgment of this court that the trial court erred in entering judgment by confession and in its refusal to vacate the same for the reasons stated. It is ordered that the cause be remanded with instructions to vacate the judgment and permit the filing of appellant's amended answer and for such further proceedings thereafter as become necessary.

*Judgment reversed and cause remanded.*

LEMERT and MONTGOMERY, JJ., concur.