I would reverse the judgments in these two cases.

HOROVITZ, Plaintiff-Appellee, v. SHAFER et, Defendants-Appellants.

Ohio Appeals, Second District, Franklin County.

No. 4277.   Decided January 24, 1950.

**342**

David Ralph Hertz, Cleveland, Leonard Stern, Columbus, for plaintiff-appellee.

Robert Dow Hamilton, Columbus, for defendants-appellants.

## OPINION

By THE COURT.

This is a law and fact appeal to which the defendants have submitted a demurrer to the third amended petition based upon the following grounds:

1. That it appears on the face of the petition that the court has no jurisdiction of the subject matter of this action.

2. That it appears upon the face of the petition that the cause of action therein set forth did not accrue within the time set forth by the statute pertaining to the limitation of actions.

3. That it appears upon the face of the petition that the facts therein contained do not constitute a cause of action in favor of plaintiff and against this defendant.

Plaintiff in his petition claims to have been a stockholder of the Ohio Colprovia Company whose corporate franchise was cancelled for nonpayment of tax by the Ohio Tax Commission in 1933. The action is by plaintiff for and on behalf of that corporation, its stockholders and creditors, if any. It is alleged that in 1932 an action was brought in Lake County by the Wagner Quarries Company against the Colprovia Company; that in said action the Wagner Quarries Company obtained a judgment against the Colprovia Company, issued execution on property of the Colprovia Company and sold the property at judicial sale; that at such sale the property was acquired by the Wagner Quarries Company and later by the Ohio Road Improvement Company which is owned by the defendant, Richard H. Shafer. Fraud is alleged in the manner of execution and sale of the assets of the Ohio Colprovia Company. The petition alleges that the defendants agreed to cause and did cause the levy of an execution under said Lake County judgment upon the plant of said the Ohio Colprovia Company including building, machinery, etc.; and agreed to cause and did cause the sheriff of Lake County to sell said assets under such execution levy and agreed to conceal

and did conceal from the directors, officers and shareholders of the Ohio Colprovia Company as are not parties defendant herein, including the plaintiff, the fact of such execution levy and the imminence of said sale thereunder; that said defendants caused the Wagner Quarries Company to purchase said assets at execution sale for the sum of $100.00, although they were of the reasonable value of $50,000.00; that such purchase by the Wagner Quarries Company was made under a prior agreement among the defendants that said assets should be promptly transferred to the Ohio Road Improvement Company, and that such transfer was later made.

It is further alleged that the defendants agreed to withhold and did withhold from the said Ohio Colprovia Company notice or information of said execution sale in order to prevent and thereby did prevent any measures to preserve said assets for the Ohio Colprovia Company from being taken and in order to prevent competitive bidding at said sale.

The record discloses that the action was instituted on August 4, 1941. The amended petition states that the articles of incorporation of the Ohio Colprovia Company were cancelled on November 15, 1933, and that on or about said date the company was abandoned by these defendants, officers and directors. It was therefore on this date that their duty to account to the shareholders arose. When it appears upon the face of the petition that a cause of action arose at a time beyond the period allowed by the statute of limitations, the pleader must plead facts which take it out of the statute. **Combs v. Watson, 32 Oh St 228.** The first cause of action which is one seeking an accounting from these defendants as members of the last board of directors fails to meet the statutory requirements, as §11224 GC requires that such an action be instituted within four years after the cause thereof accrued.

The next question for consideration concerns the jurisdiction of this court over the subject matter of the action as set forth in the second cause of action which is the one setting forth the alleged fraud in the judicial sale. The plaintiff urges that he is not attacking any of the proceedings in the Common Pleas Court. We agree that no direct attack is being made, but are in accord with the ruling of Judge King of the Common Pleas Court who held that the procedure adopted constituted a collateral attack upon the judgment. If the relief sought in the plaintiff's petition were granted, the judgment confirming the sale would be completely nullified and the plaintiff would thereby obtain a reversal of the judgment confirming the sale without an appeal or without a motion to set aside the judgment for good cause shown to the court. This, we think, constitutes a collateral attack

upon the judgment. The nature of the attack the plaintiff may maintain depends upon the character of the judgment. If it is void a collateral attack may be maintained; otherwise, not. But the judgment is not void, for there is no allegation of any lack of jurisdiction of the subject matter or of the parties, and it is not contended that any fraud was practiced upon the court in rendering a judgment against the Ohio Colprovia Company in the sum of $10,269.00. In the absence of proof to the contrary the regularity of all judicial proceedings must be presumed. The Common Pleas Court cited the case of **Dahms v. Swinburne, 31 Oh Ap 512,** as authority for permitting an attack upon a judgment procured by fraud. We think this case is distinguishable on the facts from the case at bar in that it was a direct attack on the judgment and not a collateral attack as we have here. At page 514 in the Dahms case, supra, the court said:

"The instant proceeding was brought to declare said judgment null and void, on the ground it was secured through fraud, and to enjoin the levying of execution upon said judgment."

It is an elementary principle of law that a void judgment is a nullity and is subject to collateral attack. Judge Marshall clearly states the law applicable in **Tari v State, 117 Oh St 481,** at page 493:

"This decision must turn in its last analysis upon the distinction to be made between a void and a voidable judgment. If it was a void judgment, it is a mere nullity, which could be disregarded entirely, and could have been attacked collaterally, and the accused could have been discharged by any other court of competent jurisdiction in habeas corpus proceedings. If it was voidable, it is not a mere nullity, but only liable to be avoided by a direct attack and the taking of proper steps to have its invalidity declared. Until annulled, it has all the ordinary consequences of a legal judgment."

The plaintiff cites **Seeds v. Seeds, 116 Oh St 144,** and **Morton v. Petitt, 124 Oh St 241,** which we do not regard as controlling. In each of these cases a fraud was perpetrated upon the court in the obtaining of the judgment by offering a forged or spurious will for probate. A judgment grounded upon such a foundation is void and not voidable. We have no such fraud alleged here. The only irregularity pleaded is that the de-

fendants conspired to keep the plaintiff from obtaining knowledge of the fact that an execution had been issued. There is no allegation in the petition that the claim of the Wagner Quarries Company was fictitious or that the subject matter of the action was fraudulent or that representations were made to the court with intent to deceive. We find support for our conclusion that the second cause of action is demurrable in numerous foreign jurisdictions. In the case of State of Missouri, ex rel. v. Ellison, 12 A. L. R. 1157, it is said:

Syllabus 2:

"A temporary injunction suspending action under a public improvement contract, pending a proceeding to determine the validity of the ordinance under which the improvement was undertaken, is not subject to collateral attack as having been collusively procured by parties to such proceeding or persons in privity with them."

Syl. 4:

"A collateral attack is an attempt to impeach a judgment, whether interlocutory or final, in a proceeding not instituted for the purpose of annulling the judgment."

In Shultz v. Shultz, 136 Ind. 323, it was held that an action for damages for fraudulently obtaining a judgment cannot be maintained by a party thereto so long as such judgment stands, for a judgment for damages would operate as an impeachment of the first judgment. So long as the judgment stands, it imports absolute verity as to every proposition of law and fact essential to its existence against all the parties to it.

In White v. Merritt (7 N. Y. [3 Selden], 352), 57 Am. Dec. 527, it was held that a judgment cannot be impeached collaterally, in a subsequent action for damages, by proving that the plaintiff in it, while suit was pending, practiced deceit upon defendant, whereby the latter was led to forbear interposing a defense fraudulently concealed from him.

See also, Dunlap v. Glidden, 31 Me. 435; Gusman v. Hearsey, 28 La. Ann. 709; Stevens v. Rowe, 59 N. H. 578.

The demurrer will be sustained as heretofore indicated.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.