60 So.2d 393 (1952)
MARKHAM
v.
NISBET.
Supreme Court of Florida, Special Division B.
July 15, 1952.
Rehearing Denied September 23, 1952.
Carey & Harrison, St. Petersburg, for appellant.
Grazier & Fielding, St. Petersburg, for appellee.
ROBERTS, Justice.
Appellee filed suit in the court below to collect on a judgment entered in the Court of Common Pleas of Cuyahoga County, State of Ohio, against appellant. The judgment was based on a promissory note dated April 18, 1928, payable one year after date, and containing a "warrant of attorney" authorizing any attorney at law to confess judgment on the note after the same became due. Suit was filed on the note in the above-mentioned Ohio court on April 15, 1949; and, acting under the authority of the "warrant of attorney," a cognovit or confession of judgment was signed and filed in the cause by an attorney named Steglat. Thereupon, judgment was entered and filed in the cause against the appellant in the amount of $30,317, representing a principal amount due of $13,400, together with interest at the rate of 6 percent per annum from the date of the note.
The appellee filed her suit on the Ohio judgment in the Circuit Court in and for Pinellas County, Florida, on July 27, 1949. Exemplified copies of the entire "judgment roll" of the Ohio proceedings were attached to and made a part of the appellee's declaration. The appellant filed a demurrer to the declaration, alleging therein that it affirmatively appeared that suit on the note in the Ohio court was barred by the Ohio 15-year statute of limitations; that the warrant of authority contained therein expired by operation of law with the expiration of the 15 years within which action upon the note was authorized by the laws of the State of Ohio; that Steglat was therefore without authority to confess judgment on the note; that the declaration did not show that the appellant had *394 appeared or been personally served with process in the Ohio proceedings; and thus that the Ohio court had no jurisdiction over the person of the appellant at the time the judgment was entered and such judgment was invalid and not binding upon the appellant. This demurrer was overruled by the trial judge.
The appellant then filed his pleas, in which he reiterated the above-noted allegations of his demurrer, and alleged also that the cognovit judgment had been entered against him through deceit and fraud. The appellee's demurrer to these pleas was sustained and, the appellant declining to plead over, final judgment was entered for appellee in the amount of $30,217, plus interest thereon from April 15, 1949, to November 27, 1951, in the amount of $4,735.03, and costs. This is the judgment which we here review, upon appellant's assignments of error that the trial judge erred in rejecting his demurrer and his pleas to the declaration.
It goes without saying that a judgment in personam rendered by a court without jurisdiction of the person of the defendant is a nullity. St. Clair v. Cox, 106 U.S. 350, 1 S.Ct. 354, 27 L.Ed. 222. It is equally well settled that a judgment of a sister state may be attacked on the ground of lack of jurisdiction over the person of the defendant by the court rendering the judgment. Chicago Life Ins. Co. v. Cherry, 244 U.S. 25, 37 S.Ct. 492, 61 L.Ed. 966; Sammis v. Wightman, 31 Fla. 10, 12 So. 526; Herron v. Passailaigue, 92 Fla. 818, 110 So. 539, 542.
It is conceded by appellee that the Ohio statute fixes a 15-year period within which actions on promissory notes may be commenced. Ohio General Code, § 11221. It is also admitted that under the decisions of the Ohio courts the running of the statute of limitations against a promissory note extinguishes, at the same time, the warrant of authority to confess judgment on the note. State ex rel. Squire v. Winch, 66 Ohio App. 221, 32 N.E.2d 569; Roberts v. Davis, 66 Ohio App. 527, 35 N.E.2d 609. The appellee points out, however, that Section 11228 of the Ohio General Code provides that "When a cause of action accrues against a person, if he is out of the state, or has absconded, or conceals himself, the period of limitation for the commencement of the action as provided in this chapter, shall not begin to run until he comes into the state or while he is so absconded or concealed. * * *" And it is further noted by appellee that the Supreme Court of Ohio in Commonwealth Loan Co., Inc., v. Firestine et al., 148 Ohio St. 133, 73 N.E.2d 501, 172 A.L.R. 993, has held that the 15-year statute of limitations for taking action on a note is tolled by the maker's absence from the state even though the note contains a warrant of attorney under which personal judgment could have been rendered against him without service of process. The appellee contends that the appellant's pleas were insufficient because they did not negative the effect of Section 11228, supra, as construed by the Ohio court in the Commonwealth Loan Co. case, by alleging that the appellant was not absent from the State of Ohio a period of time sufficient to have tolled the statute, citing Carroll v. Gore, 106 Fla. 582, 143 So. 633, 89 A.L.R. 1495, and Sammis v. Wightman, 31 Fla. 10, 12 So. 526, as authority for this contention.
In the Carroll and Sammis cases, the foreign judgments sued upon in this state were prima facie valid, and the allegations of the pleas, as applied to the declarations in those cases, were held to be insufficient under circumstances entirely different from those in the case at bar. Here, the appellee attached to his declaration not only the Ohio judgment but also the entire "judgment roll." From the allegations of the Ohio petition it affirmatively appears that suit on the note was barred by the Ohio statute of limitations, and nowhere in such petition or elsewhere in the record was it made to appear that the statute had been tolled by the nonresidence of the appellant, or a promise to pay within the statute, or other facts sufficient to toll the running of the statute under Ohio law. Since in the case of a cognovit judgment, jurisdiction over the person to enter judgment rests squarely on the *395 "warrant of authority" to confess judgment, it would seem to be incumbent upon the plaintiff to make an affirmative showing that the "warrant of authority" was a valid and subsisting one.
Thus, in Horovitz ex rel. Ohio Colprovia Co. v. Shafer, Ohio App., 94 N.E.2d 201, 202, it was stated that "When it appears upon the face of the petition that a cause of action arose at a time beyond the period allowed by the statute of limitations, the pleader must plead facts which take it out of the statute." And in Roberts v. Davis, 66 Ohio App. 527, 35 N.E.2d 609, 611, where the cognovit note showed on its face that it was barred by the statute, even though a notation on the back of the note in the holder's handwriting indicated that a payment had been made within the 15-year period, the court said: "In order that a holder's endorsement may toll the statute upon the theory of a presumption of payment and a declaration against interest, it becomes necessary to cast the affirmative of an issue upon the one who should bear the negative. If the holder seeks to recover on paper which on its face is barred by the statute, it is far better that he should bear this burden. It is a cardinal rule of evidence that he who asserts must prove." It was thereupon held that the lower court erred in entering judgment by confession, and that the motion to vacate such judgment should have been granted.
The courts of other states in which a warrant of authority to confess judgment is recognized have reached a similar conclusion. Thus, in Solazo v. Boyle et al., 365 Pa. 586, 76 A.2d 179, 180, it was held that "A judgment by confession must be self-sustaining and cannot be entered where matters outside the record need be considered to support it." Accord: Griffin Oil Co. v. Toms, 170 Pa.Super. 203, 85 A.2d 595.
And in Matzenbaugh v. Doyle, 156 Ill. 331, 40 N.E. 935, 936, the court said: "The rule that a defendant, to avail himself of the defense of the statute of limitations, must plead the statute, which the plaintiff now seeks to invoke, can have no application here, since, as the entry of the judgment by confession was purely ex parte, no opportunity was afforded the defendant to set up such defense by plea. It became incumbent upon the plaintiff, therefore, to show affirmatively that his debt, which appeared to be more than 10 years overdue, was in some way taken out of the operation of the statute, without such plea on the part of the defendant. As he failed to do so, the inference against him must be deemed to be conclusive that his debt was barred at the time he obtained his judgment by confession, and consequently that the warrant of attorney was no longer operative. The order of the court setting the judgment aside, as having been entered without competent authority, was clearly right".
Since the record in the Ohio proceedings shows on its face that the judgment was confessed under a void warrant of authority, so that the court failed to obtain jurisdiction over the person of the appellant, it was not a valid judgment under the Ohio decisions above referred to and thus cannot be sued upon in this state.
Accordingly, the judgment appealed from should be and it is hereby reversed. This is, of course, without prejudice to the right of appellee to take such further action on the note (but not on the Ohio judgment here sued upon) as may be proper in the premises, either in the courts of this state or in the State of Ohio.
Reversed.
SEBRING, C.J., and MATHEWS, J., and HOCKER, Associate Justice, concur.