**RYAN, Admx., Plaintiff-Appellee, v. ZAFFIRO, Defendant-Appellant.**

Ohio Appeals, First District, Hamilton County.

No. 8678.    Decided March 28, 1960.

Harry T. Klusmeier, for plaintiff-appellee.
Donald H. Swain, John A. Wiethe, for defendant-appellant.

(HURD, PJ, KOVACHY and SKEEL, JJ, of the Eighth District, sitting by designation in the First District.)

## OPINION

By SKEEL, J.

This appeal comes to this court on questions of law from a judgment entered for the plaintiff-appellee in the Court of Common Pleas of Hamilton County. The action was commenced as one seeking an order to sell real estate to pay debts in the administration of the estate of Leda Zaffiro, deceased, and to quiet title to the land to be sold. The allegations of the petition are to the effect that the deceased had an undivided 12/18th interest in the property described and that the defendants (children of the deceased), Christine Zaffiro Ryan, Frank J. Zaffiro and Giustino Zaffiro, a minor, were each vested with an undivided 2/18th interest therein. It is also alleged that Rudolph Zaffiro claims an interest in the property by reason of an uncancelled mortgage, dated and recorded April 30, 1930, the obligation or note secured thereby being due one year from the date of its execution. The plaintiff seeks to quiet title against such mortgage upon the ground that more than twenty-one years have passed since the obligation of the mortgage became due without an action being instituted to enforce its provisions.

It is alleged that Rudolph Zaffiro claims a further interest in said real estate by reason of a judgment and execution levied thereon in an action in the Court of Common Pleas on the note secured by said mortgage; but that such judgment is void because plaintiff's decedent had been adjudged an incompetent and was confined in Longview State Hospital at the time the judgment was taken, the judgment having been taken without the appointment of a guardian; and that the judgment is void for the further reason that the original action on said note was dismissed before judgment and judgment was thereafter taken without new service upon the incompetent.

It is also alleged that one William Deitsch claims an interest in the property by reason of a judgment taken in the Municipal Court of Cincinnati and a levy of execution issued on such judgment against the property. It is alleged that the plaintiff in this case waived all rights to payment of said judgment by execution or otherwise, which release is set óut in the entry of judgment.

The county auditor and county treasurer are defendants who, by answer, made claim for all taxes due.

The defendant, Rudolph Zaffiro, by his amended answer, set up his note and mortgage acknowledging a credit of five hundred dollars ($500.00) as having been paid and endorsed by him on the note on January 23, 1943. He alleges that the mortgage is the first and best lien on the property described in the petition, that the obligation of such mortgage is in default, and seeks foreclosure of his mortgage lien. No service of summons was issued or served on the other parties defendant to the action on this defendant's "answer."

The defendant, William Deitsch, also answered setting up his judgment and execution and denies that the waiver in the judgment entry deprived him of the payment of the amount due.

The case was tried on stipulations of fact filed with the papers in the case and a guardian ad litem was appointed for the defendant minor, Giustino Zaffiro.

The qualifications of the administratrix and her right to seek a sale of the property to pay debts is first set out in the stipulations of fact. It is agreed by such stipulations that the property was, on April 30, 1930, owned by Ettore and Leda Zaffiro, husband and wife, and that they mortgaged the property to Rudolph Zaffiro on that day as security for a note for $2,000 at 4% interest due in one year and that the mortgage was recorded upon execution. Further, it is agreed that there is an endorsement of a payment of Five Hundred Dollars ($500.00) on the note signed by the payee as of January 23, 1943, as pleaded. It is agreed that Ettore Zaffiro died on July 5, 1943, and that the title to the property then vested as follows:

| Leda Zaffiro (Plaintiff's decedent) | 12/18ths |
| Christine Zaffiro Ryan (Defendant) | 2/18ths |
| Frank J. Zaffiro (Defendant) | 2/18ths |
| Giustino Zaffiro (Defendant) | 2/18ths |

It is agreed that Leda Zaffiro was adjudged incompetent on May 15, 1953, and committed to Longview State Hospital by the Probate Court

of Hamilton County. The judgment alleged in the answer of defendant, William Deitsch, was taken on August 13, 1953. A certificate of this judgment was recorded in the office of the county clerk of courts which entry reads as follows:

"Judgment for plaintiff for $839.00, interest _____ and costs. Plaintiff herein waives all rights to entire payment of said judgment by execution or otherwise."

Execution on this judgment was levied against the property on April 29, 1955.

Paragraphs nine and ten of the agreed statement of facts then provide:

"9. On May 21, 1954, defendant Rudolph Zaffiro filed a petition against Leda Zaffiro, incompetent, being an action for money only in the amount of $2,000.00 with interest at the rate of 4% from April 30, 1930, to April 30, 1931, and at 6% from April 30, 1931. This case was numbered A-143155 on the docket of the Hamilton County Court of Common Pleas. A default judgment was entered against the incompetent defendant on March 8, 1955, for $3360.00 and costs. After the entry of said judgment, the following steps were taken in the order given:

"The action was dismissed

"The entry of dismissal was set aside

"Execution 63274 was issued and levied against the real estate

"The judgment was set aside

"On May 13, 1955, a new judgment in the amount of $4475.00 and costs was entered against the incompetent defendant.

"Execution 63348 was issued and levied against the real estate on May 25, 1955.

"10. On July 27, 1955, Leda Zaffiro died intestate and her undivided interest in the real estate, to-wit: 12/18, descended equally to her three children, Christine Zaffiro Ryan, Frank J. Zaffiro and Giustino Zaffiro, subject to the payment of the debts of her estate."

The trial court held for the plaintiff and against the defendants, Rudolph Zaffiro and William Deitsch, on their alleged liens based on the judgments as pleaded and for the plaintiff on her claim to quiet title against the mortgage of the defendant, Rudolph Zaffiro, and against him on his prayer for foreclosure of his mortgage as prayed for in his amended answer (cross-petition) in this action. William Deitsch did not appeal the judgment entered against him.

The defendant, Rudolph Zaffiro, filed notice of appeal and claimed the following assignments of error:

"1. The trial court erred in holding that defendant Rudolph Zaffiro's mortgage and note were invalid because of a running of the statute of limitations.

"2. The trial court erred in striking from the files and not considering the amended answer filed by defendant-appellant, Rudolph Zaffiro, in this case."

The court's final journal entry struck the defendant Rudolph Zaffiro's amended answer from the file for the reason that he procured leave to file such amended answer after judgment had been entered. The de-

fendant's claim of error No. 2, based on the order striking the amended answer, is without merit.

Under no circumstances could it be said that this answer was filed to conform to the proof as provided by §2309.58 R. C. The only proof in the trial of this case is contained in the stipulations of fact which do not show or support the right in Rudolph Zaffiro to the foreclosure of his mortgage as prayed for. The original answer of this defendant was one seeking a money judgment on the $2000.00 note executed on April 30, 1930. Both the original answer and the amended answer should have been designated as either a cross-petition or a counter-claim. The agreed statement of facts, when considered in the light of the allegations of the petition, shows that upon the death of Leda Zaffiro the title to the property passed to the defendants, Christine Zaffiro Ryan, Frank J. Zaffiro and Giustino Zaffiro, a minor (the three children of Leda Zaffiro). The decedent having died intestate, the title would vest in her heirs under the statute of descent and distribution until a finding is made by the court on plaintiff's petition that the sale of the property is necessary to pay the debts of the estate. Therefore, in reality the defendant Rudolph Zaffiro's claim for foreclosure was against these defendants. Under this state of facts, before the court could acquire jurisdiction of the affirmative claims of Rudolph Zaffiro on his cross-petition, service of summons would be necessary on the defendants holding title. No precipe for service is found in the record and no service of summons was had so that on this claim seeking foreclosure by the defendant, Rudolph Zaffiro, the court was without jurisdiction, and the court correctly dismissed the so-called answer which was in fact a cross-petition. In the case of **Southward v. Jamison, 66 Oh St 290, 64 N. E. 135**, the court, in dealing with the necessity for service on a cross-petition, said:

"1. So long as a cross-petition in an action is strictly confined to 'matters in question in the petition,' the summons issued on the petition would be sufficient notice to sustain a judgment rendered on the cross-petition; but when the cross-petition sets up matters which are not drawn 'in question in the petition,' and seeks affirmative relief against a co-defendant, of a nature different from that sought in the petition, a summons to the party to be charged, issued on the petition, will not confer jurisdiction to render judgment on the cross-petition, especially when the cross-petition is filed after the defendant thereto is in default for answer to the petition, and a summons on the cross-petition in such case is necessary."

See also, **Stripe v. National Fire Proofing Co,. 5 Oh Ap 210, 25 C. C. N. S., 551.**

The first assignment of error is directed to the finding of the trial court that defendant's note secured by the mortgage on the property here concerned and also all rights under such mortgage had been lost or had become unenforceable under the statute of limitations. **Sec. 2305.06 R. C.**, provides:

"An action upon a specialty or an agreement, contract or promise in writing, shall be brought within fifteen years after the cause thereof accrued."

The note here in question became due April 30, 1931, so that were it not for stipulation No. 4 (if the facts there stated could in fact legally affect the due date), action on the note would have been barred on April 30, 1946. Stipulation No. 4 provides:

"The note mentioned in paragraph 3 bears a notation as follows: I received $500.00 on account 1/23/43—(signed) Rudolph Zaffiro."

Such a notation on the back of a promissory note, when used for the purposes of attempting to extend the running of the statute of limitations, is a self-serving declaration. Such notation does not constitute "prima facie" evidence to support the claim that the time for the running of the statute of limitations was thereby extended.

In the case of **Roberts v. Davis, Adm., 66 Oh Ap 527, 35 N. E. 2d 609,** the court held:

"1. It is error for a court to enter a judgment on a cognovit note when it appears on its face to be barred by the statue of limitations.

"2. An endorsement on a promissory note, of interest paid, in the handwriting of the holder is not prima facie evidence of part payment as a declaration against interest, but is in fact a self-serving statement, and does not of itself toll the running of the statute of limitations. Such payment must be shown by evidence aliunde to toll the statute.

"3. Where a holder seeks to recover on a negotiable instrument, barred on its face by the statute of limitations, on the theory that part payment shown by the endorsement of the holder tolls the running of the statute, the burden is upon the holder to show affirmatively that such payment has been made."

There is no other evidence in the record concerning this alleged payment although the payee who noted the payment on the note was in court as a defendant and has attempted to invoke the court's jurisdiction first by seeking a judgment on the note and then by amended answer (cross-petition) to foreclose the lien of the mortgage. He did not attempt to explain the notation of the five hundred dollar payment claimed to have been received on January 23, 1943. The conclusion that must be reached is that action on this note, at the time the present suit was filed, was barred by the statute of limitations dealing with actions on written promises and that the time within which such action could be brought was not extended by the payment endorsed on the note.

We come now to the consideration of the right of the defendant, Rudolph Zaffiro, to seek foreclosure on his mortgage (perhaps it would be more accurate to say to maintain an action in ejectment, since the debt was unenforceable) in an action commenced July 23, 1956.

Sec. 2305.04 R. C., provides:

"An action to recover the title to or possession of real property shall be brought within twenty-one years after the cause thereof accrued, but if a person entitled to bring such action, at the time the cause thereof accrues, is within the age of minority, of unsound mind, or imprisoned, such person, after the expiration of twenty-one years from the time the cause of action accrues, may bring such action within ten years after such disability is removed."

For twenty-one years from the due date this mortgage was a lien

on the property, during which time an action could have been filed to foreclose such lien or an action in ejectment could have been filed. Such twenty-one year period ended April 30, 1952. This action was commenced July 23, 1956.

In the case of **Taylor, Adm. v. Quinn, 68 Oh Ap 164,** 39 N. E. 2d 627, the court said:

"1. A mortgagee, by attempting to foreclose his note and mortgage in an action in which the court found the fifteen-year statute of limitation had run on the note and mortgage and therefore barred recovery, which finding of the court was reduced to final judgment, is not estopped from thereafter maintaining an action in ejectment on the mortgage where the twenty-one year statute of limitation has not run."

Under the stipulated facts in this case, all rights of the defendant, Rudolph Zaffiro, either on the note or the mortgage here concerned, were on the day of the commencement of this action barred by the statute of limitation.

The suggestion that Rudolph Zaffiro could re-establish the lien of the mortgage under §5301.30 R. C., cannot be supported. The section requires, in complying with its provisions, that the mortgage creditor "may at any time refile in the county recorder's office the mortgage or a sworn copy thereof for record, together with an affidavit stating the amount remaining due thereon and the due date as extended." No such affidavit could now be filed by Rudolph Zaffiro. The debt is now unenforceable and the due date was never extended. This section has no application under the undisputed facts in this case.

The conclusion of the trial court that the title to the property described in the petition of the administrator should be quieted against all claims of the defendant, Rudolph Zaffiro, is affirmed.

HURD, PJ, KOVACHY, J, concur.