Being unable to agree with the majority's disposition of appellant's assignment of error as it relates to Huntington National Bank ("HNB"), I respectfully dissent.
Appellant asserts the prior bankruptcy judgment authorizing a sale of the automobile in question was obtained through misrepresentation. While the majority seems to suggest that a Civ.R. 60(B) motion to set aside the bankruptcy judgment is appellant's only remedy, I disagree. Res judicata does not bar an independent action for fraud and related counts against the perpetrators under the circumstances present here. Horovitz v.Shafer (1950), 57 Ohio Law Abs. 341, 344; LaBarbera v. Batsch
(1967), 10 Ohio St.2d 106, 109, citing Horovitz, supra; CityNational Bank v. Dziak (Dec. 27, 1984), Cuyahoga App. No. 48226, unreported. Although HNB may have any number of defenses to appellant's action, that raises issues different than the resjudicata basis for the majority's decision. Moreover, should appellant's claim against HNB prove frivolous, appropriate sanctions should be explored.
Nonetheless, given the fraud allegedly involved, I would reverse the trial court's decision granting summary judgment to HNB. Accordingly, although I concur in the majority's reversing the summary judgment granted to all other defendants, I dissent from that portion of the majority opinion affirming summary judgment to HNB.